Robert BIHLER, Appellant,

v.

The SINGER COMPANY, Appellee.

No. 82–5439.

United States Court of Appeals,
Third Circuit.

Argued Feb. 28, 1983.

Decided June 20, 1983.

As Amended June 27, 1983.

Francis C. Foley (argued), Foley & Gazi, P.A., Iselin, N.J., for appellant.

Peggy L. Braden (argued), Stamford, Conn., for appellee.

Before ADAMS, WEIS and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

■ The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1976 & Supp. V 1982), provides a federal cause of action for individuals who have been discriminated against on the basis of their age. Because primary responsibility for enforcement of the ADEA rests with the Equal Employment Opportunity Commission ("EEOC"),[1] the ADEA requires that prospective plaintiffs provide the EEOC with an opportunity to resolve the dispute without recourse to litigation before proceeding on their own. To this end, section 626(d) requires:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed ... within 300 days after the unlawful practice occurred.

> Upon receiving such a charge, the [EEOC] shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

*Id.* § 626(d).[2]

■ In this case, appellant sent his employer a letter accusing the employer of age

1. The statute originally delegated enforcement duties to the Secretary of Labor. *See* 29 U.S.C. § 626 (1976). Those functions were transferred to the EEOC, effective January 1, 1979, by Reorganization Plan No. 1 of 1978, § 2, 43 Fed.Reg. 19807, 92 Stat. 3781.

2. Prospective ADEA plaintiffs have 300 days to file a charge with the EEOC in states that have a procedure for conciliation by state agencies, and 180 days to file if the allegedly discriminatory act took place in a state without such a parallel mechanism. 29 U.S.C. § 626(d). New Jersey falls within the former category. *See* N.J.Stat.Ann. §§ 10:5–12 to –13 (West Supp. 1982).

# 98

discrimination and threatening legal action if the company failed to redress his grievance. Appellant also sent a copy of this letter to the EEOC but had no further contact with the agency prior to filing this action. The district court determined that appellant had failed to file a charge with the EEOC and therefore dismissed the complaint. *Bihler v. Singer Co.*, No. 81–4062 (D.N.J. June 21, 1982). We will affirm.

## I.

Appellant Robert Bihler began his employment with appellee Singer Company in 1941. On March 7, 1980, Singer notified Bihler that his services would not be required after March 31, 1980. Bihler did in fact leave Singer's employ on that date, although he continued to draw severance pay until January 1981.

On December 23, 1980, acting upon the advice of counsel, Bihler sent a letter to Singer alleging that his dismissal violated state and federal laws prohibiting discrimination on the basis of age. The letter, copies of which Bihler sent to the EEOC and the New Jersey Division on Civil Rights, stated:

> The Singer Company
> 150 Totowa Road
> Wayne, N.J. 07470
>   Att: Manager, Employee Relations
>   Re: Mr. Robert E. Bihler
>       *Illegal Termination of Employment*
> Dear Sir:
> As you know I joined the Singer organization in 1941 and served continuously for a period of 39 years, except for my wartime service in the Armed Forces, until

notified that my services were to be terminated and I was being forced to retire. At the time that this notification was given to me I indicated that this action was heartless, wrongful, illegal and certainly not equitable in view of my long service with the company. In a word, it constituted age discrimination in violation of the New Jersey and Federal statutes prohibiting such conduct.

> I am ready, willing and able to continue my employment with Singer and I ask that remedial action be taken forthwith. I intend to institute legal procedures if satisfactory action is not taken by Singer.
>                 Very truly yours,
>                 Robert E. Bihler
> cc: Singer Co.
>     8 Stamford Forum
>     Stamford, Connecticut 06904
> cc: Civil Rights Division
>     State of New Jersey
>     1100 Raymond Boulevard
>     Newark, New Jersey
> cc: Office of Equal Employment
>       Opportunity Commission
>     744 Broad Street
>     Newark, N.J.

Bihler did not receive satisfaction from Singer; he therefore filed a complaint with the New Jersey Division on Civil Rights [3] on April 13, 1981. When that agency failed to resolve his grievance, Bihler brought this action on December 15, 1981, in the District Court for the District of New Jersey. On June 21, 1982, the district court granted Singer's motion to dismiss the complaint.[4] The court found that the only document that Bihler had sent to the EEOC within the 300-day period was the carbon copy of the letter addressed to Singer,[5] and conclud-

---

3. The Division on Civil Rights is the state agency responsible for handling complaints under New Jersey's Law Against Discrimination, N.J. Stat.Ann. §§ 10:5–1 to –38 (1976 & West.Supp. 1982).

4. Although Singer styled its motion as one "for summary judgment or in the alternative to dismiss the complaint," the district court correctly treated the motion as the latter.

5. Bihler argued before the district court that the 300-day period began to run on the day he

received his last severance payment in January 1981. Relying on our holding in *Bonham v. Dresser Indus.*, 569 F.2d 187 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), and the Supreme Court's decision in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the court rejected that contention:

> [T]he date of Mr. Bihler's administrative termination is not the measuring date for filing an age discrimination complaint. Instead, the date on which he received the notice of

ed that this document did not satisfy section 626(d).

## II.

As the district court correctly recognized, the charge requirement of section 626(d) serves two purposes. First, it puts the employer on notice that "a complaint has been lodged against him and gives him the opportunity to take remedial action." *Bihler v. Singer Co., supra,* slip op. at 3 (citing *Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973)). Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of "seek[ing] to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d); *see* H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 504, 534 ("[T]he basic purpose of the notice requirement . . . is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the [EEOC] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation."). There is no question that the letter to Singer satisfied the first objective: Singer had both notice of and an opportunity to remedy Bihler's grievance. The letter may also have sufficed to notify the EEOC that Bihler believed he had been the victim of age discrimination. However, we agree with the district court that the letter did not suffice to notify the EEOC that Bihler wanted the EEOC to perform its statutory function.

In order to constitute a charge that satisfies the requirement of section 626(d), notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery.[6] The efficient operation of the administrative agency demands such notice, for Congress certainly did not intend the Commission to squander its resources by investigating where no complaint has been filed or where the employee, on his own, has received satisfaction from the employer.

Even giving the requirement the liberal construction that is due all provisions of the ADEA, *see Moses v. Falstaff Brewing Corp.,* 525 F.2d 92 (8th Cir.1975), however, it would be difficult to conclude that the EEOC should have perceived the copy of the December 23 letter, addressed to Singer, as a request to remedy Singer's allegedly unlawful actions.[7] The last paragraph of the letter states that Bihler "intend[s] to institute legal procedures if satisfactory action is not taken by Singer." Especially given the fact that the letter was addressed not to the EEOC, but to Singer, we think a reasonable person would read that paragraph to mean that Bihler intended subsequently to lodge a complaint with the EEOC if Singer did not reinstate him. We therefore hold that Bihler did not file a charge within the meaning of section 626(d).

Our holding does not contravene the prevailing jurisprudence that a charge need not comply with a plethora of particular

termination or, at the latest, March 31, 1980, the last day of Mr. Bihler's employment, is the appropriate measuring date. Therefore, for the complaint to be considered timely, it must have been filed by January 25, 1981. *Bihler v. Singer Co., supra,* slip op. at 3. Since Bihler's only contact with the EEOC, the letter of December 23, 1980, was received within 300-day period however measured, we need not address here this aspect of the district court's opinion.

6. We expect that judgments as to what is reasonable will be made in light of the fact that

many grievants may not be represented by counsel and may be ignorant of the Act's requirements. We note in passing that Bihler was represented by counsel.

7. We do not mean to imply that a district court's jurisdiction over an ADEA claim depends on the EEOC's actually having taken some action in response to a filed charge. Such a holding would establish a prerequisite to suit beyond a prospective plaintiff's control and therefore would be contrary to the spirit and purpose of the Act.

requirements.[8] *See, e.g.,* House Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted at* 1978 U.S.Code Cong. & Ad.News 528, 534 (conference report on 1978 amendments to ADEA); *Pirone v. Home Insurance Co.,* 507 F.Supp. 1281 (S.D.N.Y.1981) (letter to senator forwarded to Secretary of Labor sufficient to satisfy requirement); *Burgett v. Cudahy Co., supra,* 361 F.Supp. at 621 ("the notice is not required to meet any formal specifications"). Thus we do not suggest that the requirement of section 626(d) can never be satisfied by sending the EEOC a copy of a letter addressed to an alleged violator. Nor do we suggest that a letter addressed directly to the EEOC and stating that the complainant intends to institute legal proceedings if his employer does not redress his grievance would not constitute compliance with that requirement. We hold only that the combination of circumstances here did not sufficiently inform the EEOC whether it was "to investigate immediately or to await further communication from the plaintiff before investigation." *Bihler v. Singer Co., supra,* slip op. at 4.

The judgment of the district court will be affirmed.

WEIS, Circuit Judge, dissenting.

In its original form, the ADEA required that an aggrieved party give the Secretary "notice of an intent to file" a civil action. When it became apparent that this prerequisite was depriving too many parties of the opportunity to litigate their cases on the merits, Congress amended the statute in 1978 to make the filing requirement less demanding. In place of the "intent to sue" requirement, that legislation substituted a directive that "[n]o civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been

filed with the Secretary." 29 U.S.C. § 626(d). Because the majority gives too formalistic an application to the "charge" requirement, I dissent.

The main purpose of the charge provision is to give sufficient information to the EEOC so that it may notify prospective defendants and attempt to eliminate an unlawful practice through conciliation and persuasion. *Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276, 283 (8th Cir. 1983). The written notice to the agency should (1) describe the alleged discriminatory action, and (2) identify the offending party. *Id.* (*quoting* H.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Ad.News 528, 534). On receipt of this information, the agency is to notify the accused party of the charge and begin the conciliation process. 29 U.S.C. § 626(d).

The letter sent by the plaintiff in this case satisfied both the purpose and the informational requirements of a charge. In addition, the letter relieved the EEOC of one of its tasks—informing the employer that an age discrimination complaint had been made against him. Bearing the caption "Illegal Termination of Employment," the letter sent to Singer and the EEOC stated that Bihler's termination by Singer "constituted age discrimination in violation of the New Jersey and Federal statutes prohibiting such conduct." The plaintiff asked that "remedial action be taken forthwith" and stated that he intended to "institute legal procedures" if Singer did not take satisfactory action.

The district court found this notice inadequate because the "letter was not addressed to the EEOC ... and, from the way the letter was worded, the EEOC would not

---

**8.** As part of the basis for holding that Bihler's letter did not satisfy the requirements of § 626(d), the district court relied on the fact that "plaintiff's letter did not indicate an unequivocal intention to sue." *Bihler v. Singer, supra,* slip op. at 4 (citing *Woodard v. Western Union Telegraph Co.,* 650 F.2d 592 (5th Cir. 1981)). We do not believe that plaintiff must show such intent. When the ADEA first was enacted in 1967, it did in fact provide that "[n]o

civil actions may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action." 29 U.S.C. § 626(d) (1976). In 1978, however, Congress attempted to make the requirement less formal and substituted the requirement of filing a charge for the more stringent requirement of notifying of intent to sue.

know whether to investigate immediately or await further communication ...." The majority agrees and would require that the notice "be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery."

The Act, however, does not contain any such characterization but simply requires that the EEOC be advised of the conduct alleged to constitute a violation and the identity of the accused person. That was accomplished here. The EEOC did receive the communication. It did receive the information. Therefore, the plaintiff did meet his responsibility as specified by the Act.

The plaintiff's action should not be barred because the EEOC did not act from either a lack of resources or a misunderstanding as to the import of the letter. If there was any ambiguity about the letter— and I find none going to the heart of the charge requirement—the EEOC was free to acknowledge the communication and ask for clarification.

Even under the EEOC's interpretation of the statute, the charge here was adequate. In June 1979, soon after it assumed responsibility for enforcement of the ADEA, the EEOC published a notice stating, "To be sufficient, a charge shall be in writing and *need only* name the prospective defendant and generally allege the discriminatory acts. However, in order to assist the Commission, a charge should also contain the name, address and telephone number of both the person making the charge and the prospective defendant as well as the approximate number of employees of the prospective defendant, and whether proceedings have been commenced under a state fair employment practice law." 44 Fed. Reg. 37974, 37975 (June 29, 1979) (emphasis added).

The EEOC interpretation does not suggest that the charging party must indicate a desire to "activate" the ADEA's grievance machinery. Indeed, such a requirement would be superfluous to some extent since the EEOC possesses independent enforcement authority, and at least in its view "may continue any investigation and may secure relief for all affected persons notwithstanding a request by a charging party to withdraw a charge," 48 Fed.Reg. 138, 141 (January 3, 1983) (to be codified at 29 C.F.R. § 1626.13). The additional information about such matters as the number of employees or telephone numbers are not statutory or regulatory requisites for making out a charge; they are but aids in expeditious processing. The absence of such data would not be grounds for invalidation of the notice.[1]

As the majority concedes, the statute is remedial and is to be liberally construed. The notice requirement is, after all, a practical one. It does not call for ritualistic incantation, and should not be subjected to the searching scrutiny once accorded common law pleadings. *See Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d at 283. Nor should the requirement be viewed as it might be from behind the desk of an overburdened agency official reluctant to docket another claim under anything less than inescapable compulsion.

The notice provision must be read through the eyes of a potential claimant who on looking at the statute learns that his only responsibility is to provide information about two factual matters. I dissent from the decision to impose on a claimant the burden of anticipating what might move the EEOC to action. Highly sophisticated organizations have struggled for years to unravel the workings of the collective bureaucratic mind. Surely Congress in its efforts to simplify the ADEA did not

---

**1.** Both the proposed and adopted regulations incorporate language similar to that quoted from the June 1979 notice. *See* 48 Fed.Reg. 138, 140, 141 (January 3, 1983) (to be codified at 29 C.F.R. §§ 1626.6, 1626.8(a)); 46 Fed.Reg. 9970, 9971 (January 30, 1981). Each also provides that the absence of the detailed information would not make the charge insufficient as long as the charge names the prospective respondent and generally alleges the discriminatory acts. *See* 48 Fed.Reg. at 141 (to be codified at 29 C.F.R. § 1626.8(b)); 46 Fed.Reg. at 141; *cf.* 29 C.F.R. § 1601.12(b) (1982) (regulations to Title VII, adopted in 1977).

intend to foist resolution of that enigma on an unwary claimant.

I dissent.