James F. MULCAHEY, Plaintiff,

v.

HYDRO–LINE MANUFACTURING COMPANY, and Sierra Cylinders, Inc., a Nevada corporation, Defendants.

No. 87 C 20500.

United States District Court, N.D. Illinois, W.D.

June 29, 1988.

Jan H. Ohlander, Reno, Zahm, Folgate, Lindberg & Powell, Rockford, Ill., for plaintiff.

James R. Pirages, Thomas & Hinshaw, Culbertson, Rockford, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the court on the defendants' motion to dismiss. For the reasons set forth below, the court denies the defendants' motion to dismiss.

## NATURE OF THE CASE

The plaintiff James Mulcahey, ("Mulcahey") brings a three count complaint stem-

ming from his termination from employment with Sierra Cylinder, Inc. ("Sierra"), a wholly owned subsidiary of Hydro–Line Manufacturing Company ("Hydro–Line"). Beginning in April of 1958, the plaintiff was employed by Hydro–Line in Rockford, Illinois. In January of 1984, the plaintiff transferred to Reno, Nevada to assume the position of plant manager with Sierra. In October of 1985, when faced with a decision to leave the company or take a lower paying sales position, the plaintiff chose the sales job. On December 19, 1985, the defendants terminated the plaintiff from employment with Sierra and Hydro–Line.

The plaintiff subsequently filed suit against his former employers. In Count I, the plaintiff contends that the defendants have violated the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 *et seq.* by firing the plaintiff because of his age. In Count II, the plaintiff avers that the defendants violated Section 510 of the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1140, by discharging the plaintiff in order to prevent him from attaining additional benefits under his retirement plan. In Count III, the plaintiff charges the defendant with breaching the terms of the plaintiff's employment contract with the defendants as set forth in the employee handbook. The defendants now counter with a motion to dismiss all three counts.

## DISCUSSION

In deciding a motion to dismiss, the district court must accept the well pleaded allegations of the complaint as true. In addition, the court must view those allegations in the light most favorable to the plaintiff. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984). Similarly, the record under 12(b)(6) is limited to the language of the complaint and to those matters which the court may take judicial notice. *Car Carriers,* 745 F.2d at 1106. A complaint should be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations set forth in that pleading. *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L. Ed 2d 59 (1984).

I. Adequacy of the October 6, Letter

The defendant seeks dismissal of Count I based on the plaintiff's failure to meet the time limitations under 29 U.S.C. § 626(d). Section 626(d) provides as follows:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b)[1] of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

1. Section 633(b) provides as follows:
In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the state law, unless such proceedings have been earlier terminated: Provided, that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such state law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based the proceeding shall be deemed to have been commenced of the purposes of this subsection at the time such statement is sent by registered mail to the appropriate state authority.
Neither side disputes that Nevada is a "deferral state" and as such the 300 day time limit is the relevant time limit for our purposes. *See Nev.Rev.Stat.Ann.,* § 233.010 *et seq.* (Michie 1986); Nev.Rev.Stat.Ann., § 613.310 *et seq.* (Michie 1986). The court also notes that neither side disputes the timing of the plaintiff's November 10, 1986 filing with the Nevada Equal Rights Commission.

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d).

In their complaint, the plaintiff alleges that he filed a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") by sending a October 6, 1986 letter to EEOC. (Complaint at ¶ 14). The defendants maintain that the October 6, letter did not serve as a "charge alleging unlawful discrimination" and that the plaintiff's formal charge dated November 10, 1986 was untimely; since November 10 was a date greater than 300 days from the time the alleged discrimination occurred—December 19, 1985. Thus, the court is faced with issue of whether the plaintiff's October 6, 1986, letter was a "charge alleging unlawful discrimination" for purposes of 626(d).[2]

The court finds that letter does fulfill the requirements of a "charge." In briefing this motion to dismiss, the defendants cited *Bihler v. Singer Co.*, 710 F.2d 96 (3rd Cir.1983), as supporting their position that a letter could not suffice as an EEOC "charge." A fair reading of the case, however, supports the plaintiff's position. Granted, the *Bihler* court concluded that the letter before it was inadequate to be a "charge" within the meaning of 626(d). *Bihler*, 710 F.2d at 99. More importantly, the *Bihler* court set a standard for a sufficient charge; a standard that reflects favorably on the plaintiff's position in the instant case.

■■■■ "In order to constitute a charge that satisfies the requirement of Section 626(d), notice to the EEOC must be of a kind that would convince a reasonable per-

son that the grievant has manifested an intent to activate the Act's machinery." *Bihler*, 710 F.2d at 99. To paraphrase, a charge lets the EEOC know its time to investigate the alleged discrimination and "encourage informal conciliation and foster voluntary compliance" by the employer. *See* H.R.Con.Rep. No. 950, 95th Cong.2d Sess. 12 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 504, 534 ("the basic purpose of the notice requirement is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the EEOC with an opportunity to eliminate the alleged unlawful practice through informal methods of conciliation").

In *Bihler*, the letter was not addressed to the EEOC but was merely a carbon copy of a letter sent to the defendant, Singer Co. In addition, "[t]he last paragraph of the letter states that Bihler intend[s] to institute legal procedures if satisfactory action is not taken by Singer." The court interpreted the letter as a warning of a potential charge and not a charge itself; "the combination of circumstances here did not sufficiently inform the EEOC whether it was to investigate immediately or await further communications from the plaintiff before investigation." *Bihler*, 710 F.2d at 100. Further, the *Bihler* court commented that "Congress certainly did not intend the Commission to squander its resources by investigating where no complaint has been filed or where the employee, on his own, has received satisfaction from the employer." *Bihler*, 710 F.2d at 99.

The plaintiff in the instant case, on the other hand, addressed his letter to EEOC and immediately states in his first line as follows: "This letter constitutes a charge of discrimination against Hydroline ... Sierra Cylinders...." (Exhibit A). What could be a clearer indication to the EEOC

---

2. In responding to the defendant's motion to dismiss, the plaintiff in his opposition brief proffers his intake questionnaire with the Nevada Equal Rights Commission as proof of his timely filing. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Carriers*, 745 F.2d at 1107. Thus, the court, in deciding

this motion to dismiss, cannot consider the plaintiff's intake questionnaire as part of his allegation of timely filing found in paragraph 14 of his complaint. The October 6, 1986 letter is the sole allegation of a timely filing in the complaint. Therefore, the court will only consider the letter at this juncture.

"that the grievant has manifested an intent to activate the Act's machinery?"

The defendant argues as evidence of the inadequacy of the October 6, letter; the failure of the EEOC to pass notice of this letter on to the defendants. Simply put, "what controls is not what [the] EEOC did but what it was given to do." *Oglesby v. Coca–Cola Bottling Co. of Chicago/Wisc.*, 620 F.Supp. 1336, 1344 (N.D.Ill.1985), *citing Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed 2d 609 (1979). "An age discrimination complaint need no more than file an EEOC charge and wait 60 days before bringing suit." *Oglesby*, 620 F.Supp. at 1344.

The defendant further argues that the plaintiff cites no cases allowing a letter to serve as a "charge" with the EEOC. The defendant misses the point. EEOC filings are not mandated to satisfy technical pleading requirements. Indeed, they are to be construed with the utmost liberality. *See, Bihler*, 710 F.2d at 99. *Oglesby*, 620 F.Supp. at 1343 (allowing a letter to the EEOC to serve as an ADEA claim); *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir.1985); *Zipes v. T.W.A., Inc.*, 455 U.S. 385, 393, 397–398, 102 S.Ct. 1127, 1134–1135, 71 L.Ed.2d 234 (1982). Ironically, an examination of the plaintiff's letter and the formal charge sheet eventually filed reveals that besides a slight difference in organization, the two documents convey the same information.

Finally, the court also notes that the plaintiff's reliance on *Bennett v. Russ Berrie and Co.*, 564 F.Supp. 1576 (N.D.Ind. 1987), is misplaced. First, the decision is of no precedential value in this district. Second, the persuasive value of the decision is minimized by the cursory manner in which the *Bennett* court deals with the letter. The court simply points out that the letter in question was in no way in conformance with the form required by the Commission. *Bennett*, 564 F.Supp. at 1579. As already mentioned, the letter in the instant case mirrored the formal charge of discrimination form. (*See* Plaintiff's Exhibit A and Defendant's Exhibit A). The plaintiff's letter contains the charge, the parties and the facts, no filled out form could be clearer or more to the point. *Cf. Moore v. Sunbeam*, 459 F.2d 811, 822 (7th Cir.1972) (the court, while noting the liberal standards to be applied to the letter, found an "open letter" not addressed to the EEOC and not requesting any action to be inadequate for purposes of 626(d)).

In summary, the letter in the instant case performs all functions required of a "charge" according to 626(d) and controlling legal precedent. Accordingly, the defendants' motion to dismiss as to Count I is denied.

## II. Exhaustion of Administrative Remedies

■ The defendants contend in the instant motion that Count II brought under Section 510 and 502 of ERISA,[3] 29 U.S.C. §§ 1140, 1132 must be dismissed for the plaintiff's failure to exhaust administrative remedies. The defendant cites *Kross v.*

---

3. Section 510 of the ERISA has been codified and provides in pertinent part:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of the title or the Welfare and Pension Plans Disclosure Act [29 U.S.C. § 301 *et seq.*], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140 (1985) (emphasis added).

Section 502 of the ERISA has been codified and provides in pertinent part:

A civil action may be brought:
(1) by a participant or beneficiary—
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan;
(3) by a participant, beneficiary, or fiduciary
(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of this plan, or
(B) To obtain other appropriate equitable relief
(i) to redress such violations, or
(ii) To enforce any provisions of this subchapter or their terms of the plan;

29 U.S.C. § 1132 (1985).

*Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir.1983) for the proposition that a complainant under Section 510 of ERISA must first exhaust his administrative remedies before filing an action in federal court. Naturally, the plaintiff seeks to distinguish the case at bar from the circumstances in *Kross.* Judge Marshall, when faced with similar circumstances, found as follows:

> whether a plaintiff must exhaust administrative remedies before bringing a civil action is a question left to the sound discretion of the trial court. *Dale v. Chicago Tribune Co.*, 797 F.2d 450 [458], 466 (7th Cir.1986) *cert denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987); *Kross,* 701 F.2d at 1244–1245.

> "[T]he exhaustion doctrine … is not absolute." *Janowski v. International Brotherhood of Teamsters, Local No. 710 Pension Fund,* 673 F.2d 931, 935 (7th Cir.1982) *vacated on other grounds,* 463 U.S. 1222, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983). The court must determine among other things the necessity of taking advantage of administrative expertise, *id.,* and the likelihood that resort to the administrative process would be futile. *Kross,* 701 F.2d at 1240. *Lieske v. Marlock [Morlock ]* 570 F.Supp. 1426, 1429 (N.D.Ill.1983).

> The present record does not allow such determinations. As McIlveen [the plaintiff] points out, there is no indication that Stone's disability plan even contains a mechanism for resolving disputes. Indeed, there is no factual record at all, for Stone did not submit any evidence to support its motion.

> At this juncture [motion to dismiss], we only must pass upon the sufficiency of McIlveen's complaint. We hold that McIlveen had no obligation to plead that she exhausted administrative remedies. The motion to dismiss Count II is denied.

*McIlveen v. Stone Container Corp.,* 1987 U.S. Dist. 8493 10, 11 (N.D.Ill.1987) [1987 WL 17170].

The complaint and responsive pleadings in the instant case parallel *McIlveen* with one exception. In their reply brief, the defendants, perhaps realizing the prematurity of their exhaustion argument, attempt to transform their motion to dismiss as to Count II into a partial motion for summary judgment by attaching an affidavit and exhibits in support of their exhaustion argument. (See Reply memo Exhibits 1, A, B, and C). By their actions, the defendants concede that the exhaustion issue is not jurisdictional, yet, they now implore the court to decide the issue with only one side of the facts—theirs. Rather than being premature with their exhaustion argument, this time the defendants are tardy. The plaintiff has no opportunity to respond to defendant's reply/"summary judgment" brief and exhibits under the court's briefing schedule.

Accordingly, the court refrains from converting their motion to dismiss into a summary judgment motion and instead follows the *McIlveen* court's example. *See also Bradley v. Capital Engineering & Mfg. Co.*, 678 F.Supp. 1330, 1332 n. 1 (N.D.Ill. 1988). Thus, at this point, the plaintiff's failure to allege exhaustion of administrative remedies does not impede his ability to state a claim under § 510 of ERISA. The defendant's motion is denied as to Count II.

III. Contract Claim

The plaintiff brings a pendent state contract claim in Count III. The plaintiff charges that his demotion and termination breached the terms of the plaintiff's employment contract with Hydro–Line and Sierra as prescribed in the employee handbook. In their motion to dismiss, the defendants enumerate five reasons why Count III should be dismissed. Basically, the defendants simply dispute that the employee manual represents an employee contract and that the employee manual applies to the plaintiff. (See Memo in Support at pp. 4–7).

In deciding a motion to dismiss, all well pleaded allegations are taken as true and all reasonable references cut in favor of the plaintiff. *Car Carriers,* 745 F.2d at 1106. A cause of action is dismissed only when even if the facts the plaintiff alleged are true, he or she stills has no claim for relief. *Spaulding,* 467 U.S. at 73, 104

S.Ct. at 2233. This is clearly not true with the case at bar. Assuming the plaintiff's allegations are true, the court must accept the allegations that the employee manual is an employee contract applicable to the plaintiff and that the defendants breached the contract when they demoted and fired Mulcahey. Again, the court is interested only in the sufficiency of the complaint and will not consider outside documents, such as the defendant's exhibits, unless attached to the complaint. *Gomez v. Ill. State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir.1987). The plaintiff has set out the elements of a breach of contract claim. Accordingly, the court denies the defendant's motion as to Count III.

## CONCLUSION

For the reasons stated above, the court denies the defendants' motion to dismiss.