Carlton H. FOSTER, Plaintiff–Appellant,

v.

NATIONAL BANK OF BOSSIER CITY, Defendant–Appellee.

No. 88–4365 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 19, 1988.

Rehearing Denied Nov. 14, 1988.

---

Robert U. Goodman, Gregory J. Barro, Shreveport, La., for plaintiff-appellant.

Robert B. Dunlap, II, Shreveport, La., for defendant-appellee.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff, Carlton H. Foster, appeals from the district court's grant of summary judg-

ment in favor of his former employer, the National Bank of Bossier City (the Bank). After the bank discharged Foster, he sued the Bank under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1976 and Supp. V 1981) for reinstatement, monetary relief, attorney's fees and costs. The district court determined that Foster had failed to file a charge with the Equal Employment Opportunity Commission (EEOC) and dismissed the action. We reverse.

I.

In May 1977, Foster, who was fifty-two years old, began his employment with the National Bank of Bossier City Bank. On April 29, 1986, the Bank notified Foster, who was sixty-one, that his services were no longer required.

On August 29, 1986, counsel for Foster sent a letter to the Department of Labor complaining that Foster had been discharged because of his age. Although the letter was erroneously sent to the Department of Labor,[1] the Labor Department forwarded the letter to the EEOC on September 3, 1986. The letter stated:

Re: NOTICE OF INTENT TO SUE
National Bank of Bossier
National Banking Institution
situated in Bossier City,
Bossier Parish, Louisiana

Dear Mr. Secretary:

This Notice of Intent to Sue is filed on behalf of Carlton H. Foster, former Assistant Vice President–Collection Manager and Security Officer, previously employed by the National Bank of Bossier (Bank) pursuant to Section 7(d) of the Age Discrimination and Employment Act (29 U.S.C. 626(d)).

Mr. Foster intends to commence a civil action against the Bank after sixty (60) days from the date of this notice.

---

1. When the ADEA was enacted in 1967, the statute required a claimant to give the Department of Labor notice of the claimant's intent to file suit within 180 days. The 1978 amendments to the ADEA retained the 180–day time limitations in section 7(d), but required that a "charge" rather than a "notice of intent to sue" be filed with the Secretary of Labor. Pursuant to Reorganization Plan No. 1 of 1978 § 2, 43 Fed.Reg. 19807, 92 Stat. 3781, responsibility and authority for enforcement of the ADEA was transferred from the Department of Labor to the EEOC.

The basis of such action is the discrimination by the Bank against Mr. Foster by discharging him solely because of his age. Mr. Foster is 62 years of age. The Bank's conduct is in violation of the provisions of (4(a)(1)) of the Age Discrimination Employment Act, (29 U.S.C. 623(a)(1)).

## II.

Before a claimant can file suit on an ADEA violation, he must file a "charge" with the EEOC. The Act provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed within 180 days after the alleged unlawful practice occurred. . . .

29 U.S.C. § 626(d). Three regulations promulgated by the EEOC relate to the information a claimant should include in his communication with the agency. *See* 29 C.F.R. §§ 1626.3, 1626.6, 1626.8. 29 C.F.R. § 1626.3 defines charge as "a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act." 29 C.F.R. § 1626.6 provides that "[a] charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing."

**2. Section 1626.8 Contents of charge; amendment of charge.**
(a) In addition to the requirements of § 1626.6, each charge should contain the following:
(1) The full name, address and telephone number of the person making the charge;
(2) The full name and address of the person against whom the charge is made;
(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;
(4) If known, the approximate number of employees of the prospective defendant employer or members of the prospective defendant labor organization;

The primary argument of the appellee Bank is that counsel's letter did not include the details required by § 1626.8 [2] and therefore did not constitute a charge. The Bank points to the requirements of paragraph (a) of § 1626.8, that a charge should contain a "clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices," 29 C.F.R. § 1626.8(a)(3), and "the approximate number of employees of the prospective defendant employer," 29 C.F.R. § 1626.8(a)(4).

But the text of § 1626.8, the very regulation the appellee Bank relies on, refutes the Bank's contention that a claimant's letter to the EEOC must contain the information detailed in that regulation to constitute a "charge" within the meaning of the ADEA. Paragraph (b) of Section 1626.8 provides: "[n]otwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge either a written statement or information reduced to writing by the Commission that conforms to the requirements of § 1626.6." 29 C.F.R. § 1626.8(b).

Thus, in determining whether counsel's letter was a "charge," we must determine whether the claimant furnished the information required by § 1626.6. We answer this question in the affirmative. (1) The letter was written, (2) it notified the Department of Labor (and subsequently the EEOC) of Foster's contention that he had been discharged because of his age, and (3) it identified his employer. Counsel's letter also fulfilled the additional requirements of

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.
(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge either a written statement or information reduced to writing by the Commission that conforms to the requirements of § 1626.6.
\* \* \* \* \* \*
29 C.F.R. § 1626.8(a)-(b).

the ADEA itself: the EEOC received Foster's letter within 180 days of Foster's termination. *See* 29 U.S.C. § 626(d).

Next the Bank argues that the federal courts have applied a gloss to the federal regulatory requirements and have imposed additional elements for a charge beyond those required by § 1626.6. The Bank contends that Foster's letter did not suffice to notify the EEOC that Foster wanted the EEOC to assist him in regaining his job with the bank as required by *Bihler v. Singer Co.,* 710 F.2d 96 (3d Cir. 1983). In *Bihler,* the claimant wrote his employer complaining of his recent termination because of his age and concluded:

> I am ready, willing and able to continue my employment with Singer and I ask that remedial action be taken forthwith. I intend to institute legal procedures if satisfactory action is not taken by Singer.

*Id.* at 98. The claimant mailed a copy of his letter to the EEOC.

The Third Circuit held that the copy of Bihler's letter to his employer that he sent to the EEOC was not a charge within the meaning of the ADEA. The court read Bihler's letter to his employer, "to mean that Bihler intended subsequently to lodge a complaint with the EEOC if Singer did not reinstate him." *Id.* at 99. But Foster's letter is not subject to the interpretation that he was still attempting to persuade the bank to reinstate him and that he did not need the agency's assistance. Thus *Bihler* is readily distinguishable from the instant case.

Because we have determined that Foster filed a timely charge as required by the ADEA, we need not consider the remaining issues urged on appeal.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

REVERSED and REMANDED.