ALD-238                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4482
_____

HARRY PARIKH, Appellant

v.

UPS; ED FEGAN; JULIE FIELDS; ANNETTE JOHNSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-01652)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed:  August 7, 2012)
_____

OPINION
_____

PER CURIAM.

        Harry Parikh, proceeding pro se and in forma pauperis, appeals from the District

Court's order granting Defendants' motion for summary judgment and denying his

motion for summary judgment.  For the reasons that follow, we will summarily affirm.

# I.

### 1. Factual Background

The District Court set forth a thorough recitation of the facts, (Dkt. No. 87, pp. 1-4), and we will only highlight those most pertinent to this appeal. Parikh started working at the United Parcel Service ("UPS") in 1999. (Dkt. No. 71, Attach. 5, Ex. A-1 at 36:24-25.) In October 2006, he was transferred to the telecommunications department. (Id. at 53:24-54:1.) Parikh claimed that, in a meeting prior to his transfer, defendant Ed Fagan[1] said that he was "getting old" and told him to "go back where you came from" and tore up a copy of Parikh's degree certificate. (Id. at 97:5-25.) Parikh also claimed that, in October 2008, defendant Annette Johnson entered his cubicle and asked him why he was praying at this desk and whether he was Hindu or Muslim. (Id. at 85:6-18.)

UPS has an "Honesty in Employment Policy" (the "Policy") stating that dishonesty "will result in immediate dismissal and possible criminal prosecution." (Dkt. No. 71, Attach. 18, Ex. M.) Parikh signed an acknowledgment of the Policy on October 6, 1999. (Id., Attach. 5, Ex. A-1 at 189:10-191:15.)

In 2008, Defendants began investigating whether employees were falsifying time cards. (Id., Attach. 29, Ex. A.) Defendants stated that Parikh entered work forty minutes later than he reported on both October 20 and 22, 2008. (Id.) They also claimed that he was warned, prior to October 22, 2008, that falsifying timecards could result in

---

[1] He is misidentified in Parikh's Complaint as "Ed Fegan."

termination. (Id.) Defendants conducted a further investigation that, according to them, confirmed Parikh's misconduct. (Id., Attach. 9, Ex. D at 78:23-79:12.)

Parikh was fired in November 2008. (Id., Attach. 5, Ex. A-1 at 53:9-10.) Defendants claimed that he was terminated for falsifying his time cards in violation of the Policy. Parikh claimed that his termination was related to discriminatory actions of the Defendants.

### 2. Procedural Background

On December 4, 2008, Parikh filed charges with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights ("DCR"). In April 2009, Parikh filed his Complaint against UPS and three former managers, claiming that he was unlawfully terminated on account of his age, national origin, and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Parikh also alleged common law claims for wrongful termination and intentional infliction of emotional distress.

Defendants moved for summary judgment on the grounds that Parikh's ADEA claim was time-barred and his remaining claims were meritless. Parikh also moved for summary judgment. By Opinion and Order entered October 31, 2011, the District Court granted Defendants' motion, denied Parikh's, and terminated the case.

## II.

Jurisdiction is proper under 28 U.S.C. § 1291.[2] We will summarily affirm the District Court's judgment if the appeal presents no substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

We exercise plenary review over a district court's grant of summary judgment and apply the same standard as applied below. Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). That is, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson, 235 F.3d at 854 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

---

[2] Parikh's Notice of Appeal was filed on December 12, 2011, approximately six weeks later. After the Notice of Appeal was docketed in this Court, the Clerk notified Parikh that it appeared to be untimely because it was filed more than thirty days after the District Court's order. See Fed. R. App. P. 4(a)(1)(A). Shortly thereafter, Parikh returned to the District Court and filed a motion seeking an extension of time to file an appeal. See Fed. R. App. P. 4(a)(5). The District Court granted that motion on April 4, 2012, thereby rendering timely Parikh's Notice of Appeal.

### 1.    Parikh's ADEA Claim is Time-Barred

The District Court dismissed Parikh's claim under the ADEA as time-barred. (Dkt. No. 87, pp. 5-7.)  A plaintiff bringing an employment discrimination claim under the ADEA must exhaust his remedies by filing an administrative charge with the EEOC. 29 U.S.C. § 626(d)(1); Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 63 (3d Cir. 1985).  The charge must be filed within 180 days of the alleged unlawful employment practice.  29 U.S.C. § 626(d)(1)(A).  However, "in the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice,"  the 180 day period is extended to 300 days.  29 U.S.C. § 633; 29 U.S.C. § 626(d)(1)(B).

"Generally, a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action."  Ruehl v. Viacom, Inc., 500 F.3d 375, 382 (3d Cir. 2007). "[P]laintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed access to federal judicial relief."  Watson, 235 F.3d at 854 (citations omitted). These states are called "deferral" states.  Id.  In a deferral state like New Jersey, the charge must be filed within 300 days of the alleged unlawful employment practice.

5

Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 842 (3d Cir. 1992) (citing Bihler v. Singer Co., 710 F.2d 96, 97 (3d Cir. 1983)).

The EEOC filing deadlines function as statutes of limitations. See Del. State Coll. v. Ricks, 449 U.S. 250, 256-57 (1980) ("The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past.") (citations omitted). The limitations period begins at the time of the alleged discrimination. Id. at 258; see also Watson, 235 F.3d at 854 (attempt to obtain relief under the ADEA may proceed only if administrative charge filed within 300 days of alleged unlawful employment action).

Because Parikh filed charges of age discrimination with the EEOC and the DCR, a New Jersey agency, he was subject to the 300-day limitation period set forth by the ADEA. Miller, 977 F.2d at 842. The alleged age discrimination occurred in October 2006. His charges were filed over two years later, on December 4, 2008. That falls well outside of the 300 days permitted by law.[3] Therefore, the District Court properly dismissed Parikh's ADEA claim as time-barred.[4] Watson, 235 F.3d at 854.

---

[3] We agree with the District Court's conclusion that the "continuing violation doctrine does not save [Parikh's] ADEA claim" because it was based on one comment made by Defendant Fagan. We need not repeat that analysis here. (Dkt. No. 87, pp. 6-7.)

[4] Though the District Court cited Title VII and relied on case law pertaining thereto in its analysis, we may affirm the District Court's decision for any reason supported by the record, Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 761 n.1 (3d Cir. 2004), and we reach the same result.

## 2. Parikh's Remaining Claims Under Title VII and the ADEA

The District Court also determined that Parikh's claims that he was discriminated against on the basis of his age, national origin, and religion were meritless. (Dkt. No. 87, pp. 7-10.) A plaintiff must establish a prima facie case of discrimination in order to sustain claims under Title VII and the ADEA. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to identify a legitimate non-discriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802. If the defendant does so, the burden shifts back to the plaintiff to establish that the defendant's proffered rationale was a pretext for discrimination. Id. at 804.

Defendants assumed, for purposes of summary judgment, that Parikh established a prima facie case of discrimination. Therefore, the District Court focused on whether Defendants met their burden of identifying a legitimate non-discriminatory reason for terminating Parikh, and whether Parikh established that Defendants' proffered rationale was a pretext for age discrimination. (Dkt. No. 87, pp. 8-10.)

The District Court determined that Defendants met their burden of identifying a legitimate non-discriminatory reason for firing Parikh, namely, that he falsified time cards in violation of the Policy. (Dkt. No. 87, pp. 8-9.) Parikh then faced the "difficult burden" of demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its

7

action that a reasonable factfinder could rationally find them unworthy of credence."

Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (internal quotation marks and citation omitted). Parikh failed to present evidence that Defendants' rationale was pretextual and that his termination was actually motivated by their "discriminatory animus." Id. We agree with the District Court that Parikh did nothing more than question the reasonableness of Defendants' actions, which does not meet the burden for proving pretext. The District Court properly granted summary judgment in favor of Defendants on Parikh's claims under Title VII and the ADEA.

### 3. Wrongful Termination

The District Court dismissed Parikh's common law claim for wrongful termination because it was duplicative of his statutory claims. (Dkt. No. 81, p. 10.) Common law claims for wrongful termination are pre-empted when a statutory remedy exists. See Lawrence v. Nat'l Westminster Bank N.J., 98 F.3d 61, 73 (3d Cir. 1996); Santiago v. City of Vineland, 107 F. Supp. 2d 512, 567 (D.N.J. 2000) (collecting cases). Parikh's wrongful termination claim was based on the same set of facts as his discrimination claims. We agree with the District Court that a common law wrongful termination claim was duplicative, as it would not protect any interest beyond Parikh's claims under Title VII and the ADEA. The District Court properly dismissed this claim.

### 4. Claims Against Individual Defendants

The District Court dismissed Parikh's claims against his three former managers in their individual capacities. (Dkt. No. 87, pp. 10-11.) Neither Title VII nor the ADEA

8

provides for individual liability. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("Hill did not bring an ADEA claim against Mayor Marino himself, nor could he have because the ADEA does not provide for individual liability."); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."). The District Court properly dismissed these claims.

### 5.    Intentional Infliction of Emotional Distress

Parikh claimed that Defendants were liable for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that Defendants acted intentionally or recklessly, both in doing the act and in producing emotional distress; (2) that Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; (3) that Defendants' actions were the proximate cause of the emotional distress; and (4) that the emotional distress suffered was so severe that no reasonable person could be expected to endure it. Mardini v. Viking Freight, Inc., 92 F. Supp. 2d 378, 384 (D.N.J. 1999) (citing Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857 (N.J. 1988)). Further, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citing Taylor v. Metzger, 706 A.2d 685 (N.J. 1998) (internal quotation marks and other citations omitted)).

9

We agree with the District Court that the termination of an employee, without more, is not outrageous. See McNemar v. Disney Store, Inc., 91 F.3d 610, 623 (3d Cir. 1996) ("termination of employment does not, without evidence of harassment, support a claim of intentional infliction of emotional distress"); Borecki v. E. Int'l Mgmt. Corp., 694 F. Supp. 47, 62 (D.N.J. 1988) ("[T]he termination of an employee … is the kind of event that happens every day … . Quite a bit more ... must accompany a firing if it is to be deemed outrageous.") (internal quotation marks and citations omitted)). As the District Court recognized, the few statements allegedly made by Defendants to Parikh were not outrageous. (Dkt. No. 87, p. 11.) Further, Parikh admitted that he did not have any physical or mental symptoms of emotional distress. (Dkt. No. 71, Attach. 6, Ex. A-2 at 249:6-10.) For these and the other reasons articulated by the District Court (Dkt. No. 87, pp. 11-12), we will affirm the grant of summary judgment in favor of Defendants.

**III.**

Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court granting Defendants' motion for summary judgment and denying Parikh's motion for summary judgment, pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.