**John G. WOODARD, Plaintiff-Appellant,**

v.

**WESTERN UNION TELEGRAPH COMPANY, Defendant-Appellee.**

No. 80–7383.

United States Court of Appeals, Fifth Circuit. Unit B

July 13, 1981.

John L. Green, Hapeville, Ga., for plaintiff-appellant.

Hicks, Maloof & Campbell, Bruce M. Edenfield, Robert E. Hicks, Charles E. Wilson, III, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, Circuit Judge:

John G. Woodard appeals from the dismissal of his complaint of age discrimination against his former employer the Western Union Telegraph Company ("Western Union"). The district court granted Western Union's motion for summary judgment on the ground that Woodard had failed to file a legally sufficient notice of intent to sue with the Secretary of Labor within 180 days of the alleged unlawful act. 29 U.S.C.A. § 626(d)(1) (1975) (amended 1978). We affirm.

Appellant Woodard was employed by Western Union from 1946 to September 30, 1973, when he was terminated allegedly as a result of a reduction in force. At that time, he was 51 years of age. It appears that appellant filed a written complaint of age discrimination with the Department of Labor shortly after his discharge; however, the parties stipulated that he has never given *written* notice to the Secretary of Labor of his intention to file suit and that he did give *oral* notice of his intention to file suit in August, 1974. R. at 180. The oral notice in August, 1974, was more than 180 days after the alleged unlawful act, which occurred on September 30, 1973. He filed this action on September 25, 1975.

Mr. Woodard testified by deposition that, during his conversations with Department of Labor officials immediately after his termination, he told them that he "was going to have to go the full route" (Woodard's deposition at 37) and that he was contemplating hiring an attorney. He also testified, in the most general terms, that the Labor Department officials had advised him to "remain quiet and they would run the whole thing through." (Woodard's deposition at 37).

The district court dismissed the complaint on the ground that the appellant had failed to file a legally sufficient notice of intent to sue. The notice requirement, as it existed at the relevant time, provided:

> (d) No civil action may be commenced by any individual under this section until the individual has given the Secretary [of Labor] not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) within one hundred eighty days after the alleged unlawful practice occurred
>
> . . . .

29 U.S.C.A. § 626(d)(1) (1975).[1] The purpose of the notice requirement is to inform the Labor Department that the aggrieved person intends to file a lawsuit; the department, in turn, must inform all persons named as prospective defendants and seek informal conciliation. 26 U.S.C.A. § 626(d). Therefore, it is not sufficient for the aggrieved person simply to complain of age discrimination to the Department of Labor or even to request the department to file suit on his behalf. *See Hageman v. Philips Roxane Laboratories, Inc.*, 623 F.2d 1381 (9th Cir. 1980); *Newcomer v. International Business Machine Corp.*, 598 F.2d 968 (5th Cir.), *cert. denied*, 444 U.S. 984, 100 S.Ct. 491, 62 L.Ed.2d 413 (1979); *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974). Appellant's written and verbal complaints of age discrimination to the Labor Department did not satisfy the notice of intent to sue requirement.

The parties stipulated that the appellant gave oral notice of intent to sue in August, 1974, but that was more than 180 days after his discharge.[2] Furthermore, Mr. Woodard

---

1. This provision was amended in 1978 to substitute the word "charge" for the notice of intent to file suit requirement. Pub.L. 95–256; 92 Stat. 190, 191. This amendment became effective on April 6, 1978, and does not affect the notice requirement in this case.

2. The parties also stipulated that the alleged unlawful act occurred on September 30, 1973.

states in his deposition that he made known his intention to file suit to employees of the Labor Department in his early (*i. e.*, within 180 days) conversations with them, even if he did not state his intention in so many words. This court has never definitively resolved the issue of whether oral notice of intent[3] to sue is sufficient under the Act. In *Hays v. Republic Steel Corp.*, 531 F.2d 1307 (5th Cir. 1976), we touched upon the question. In that case, the complainant, believing that he had been discriminated against on account of his age, orally complained to the Labor Department that he "wanted to do something about it." He was told that he would have to give written notice, but the 180-day period elapsed before he was able to file the written notice. He argued that his oral complaint should suffice. We disagreed.

> The most that can be said is that Massey gave the Department oral notice that he "wanted to do something about it" which is not the same as filing a notice of intent to bring a civil action against Republic Steel.

531 F.2d at 1312. It is not clear from our holding whether the notice was insufficient because it was oral or because it did not clearly express his intent to file suit. The opinion does cite *United States v. Lombardo*, 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916), which defined the word "file" in another statute as meaning the delivery and receipt of a paper, document or written instrument by the proper official. The implication of the *Hays* case is that, before a notice can be "filed" as required by § 626(d), it must be reduced to writing. This reasoning has been accepted by the Second Circuit Court of Appeals in *Reich v. Dow Badische Co.*, 575 F.2d 363 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), which held that oral notice of intent to sue did not satisfy § 626(d). The court stated:

Appellant relies on the oral statement that he would sue when he could find a lawyer, allegedly made in December 1973, to satisfy the requirement of Section 626(d). The notice allegedly given was ill-calculated to discharge the statutory function of presenting the Secretary with an unequivocal notice that the grievant intended to sue, and that, in consequence, he must under the statute

> "promptly notify all persons named [in the notice of intent] as prospective defendants in the action".

Appellant's alleged oral notice had neither the content nor the clarity of expressed purpose needed to fulfill its statutory office. If so uncertain a notice could be thought sufficient, the result could often be obscure protractions and confusion in proceedings that are intended to be quickly prosecuted, while restoration to employment with minimal derangement of the affairs of employer and employee can still be seen as possible. *Cf. Dartt v. Shell Oil Co.*, *supra*, 539 F.2d [1256] at 1259 [(10th Cir. 1976), *aff'd. by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977)]; *Powell v. Southwestern Bell Telephone Co.*, *supra*, 494 F.2d at 489.

The statute does not say that the notice of an intent to file an action must be written, but Section 626(d), by requiring that it be filed, implies that the notice must be written. *Hays v. Republic Steel Corp.*, *supra*.

575 F.2d at 368.

We conclude that oral notice of intent to sue will not suffice under § 626(d). The necessity of a writing is fairly implicit in the requirement of the statute that the notice must be "filed." Furthermore, the requirement of a written notice is desirable for practical and policy reasons. It will provide certainty with respect to compliance with the 180-day limitation period for

---

R. at 180. Consequently, this date commenced the 180-day time period to file notice.

**3.** We express no opinion whether appellant's statement immediately after his termination that he "was going to have to go the full route" would constitute a sufficient notice of intent to sue. Since we hold that the notice of intent to sue must be in writing, we need not reach the issue of the sufficiency of the oral notice.

filing the notice and it will facilitate the Labor Department's task of notifying all persons named as prospective defendants of that fact and the reasons for the complaint. *See Reich v. Dow Badische Co., supra.*[4]

Our inquiry does not end, however, with a determination that appellant failed to give legally sufficient notice of his intent to sue. In *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) (en banc), we held that the filing of the notice within the 180-day period was not a jurisdictional prerequisite to sue. Rather, the 180-day period is more in the nature of a statute of limitations and is subject to equitable modification. Assuming that the doctrine of equitable tolling as enunciated in *Coke* would be available to relieve the appellant from the consequences of his total failure to file a written notice,[5] we do not believe that he has adduced sufficient evidence to create a genuine issue of fact on the question of equitable tolling. Equitable tolling may be available where the Department or the employer affirmatively induces the complainant to forbear from prosecuting his known claims. There is no evidence of such conduct in this case. The only evidence cited by appellant was appellant's deposition testimony that Department of Labor officials told him to "go along with them and remain quiet and they would run the whole thing through." (Woodard's deposition at 37). We do not believe that this is sufficient evidence to create a genuine issue of fact that the Labor Department's actions and representations lulled him into failing to file a proper notice, especially when the record shows that the appellant was familiar with the age discrimination laws. We do not believe that the record here justifies an inference that the Department reported to appellant either that the Department itself would file the required notice of intent to sue on his behalf, or that his informal conversations with the Department constituted sufficient notice of intent to sue. The facts of the instant case are simply too weak to create a genuine issue of fact as to equitable modification. It is well established that the fact that the Labor Department is informed of possible age discrimination and undertakes to investigate the charge is not *per se* grounds for equitable relief from the filing requirement. *See Hageman v. Philips Roxane Laboratories, Inc., supra.*

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

4. Appellant relies upon *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911 (N.D.Ga.1973), for the proposition that oral notice is sufficient. *Woodford* was criticized in our decision in *Newcomer v. International Business Machine Corp., supra.* Furthermore, the Second Circuit has declined to follow it. *Reich v. Dow Badische Co., supra; see also Hageman v. Philips Roxane Laboratories, Inc., supra.* We likewise find *Woodford* unpersuasive.

5. As the Ninth Circuit recently stated, "no other Court of Appeals has permitted complete waiver of the notice of intent to sue requirement." *Hageman v. Philips Roxane Laboratories, Inc.*, 623 F.2d at 1385. All of the decisions concerning equitable tolling have limited themselves to extending the 180-day period. *Id.* We express no opinion as to whether the notice requirement may be excused altogether by equitable considerations.