Jene RUSTON, Plaintiff,

v.

GENERAL TELEPHONE COMPANY OF THE SOUTHWEST, Thomas Johnson and Ronald A. Knight, Defendants.

Civ. A. No. H–86–2203.

United States District Court, S.D. Texas, Houston Division.

April 17, 1987.

Daniel L. Flaherty, Baytown, Tex., for plaintiff.

William G. Mundy, Charla Edwards, San Angelo, Tex., for defendants.

## ORDER OF DISMISSAL

HITTNER, District Judge.

Pending before the Court are (1) Plaintiff's Motion to Reinstate (deferred by the Court in a December 17, 1986, Order), (2) Defendants' Motion to Dismiss, and (3) Plaintiff's Motion for Leave to Amend Supplemental Complaint. Having considered the pleadings, the oral argument and representations of counsel at the April 6, 1987, hearing, and the law and court rules applicable thereto, this Court is of the opinion that (1) Plaintiff's Motion to Reinstate should be, and hereby is, DENIED; alternatively, (2) Defendants' Motion to Dismiss should be, and hereby is, GRANTED in total; and (3) Plaintiff's Motion for Leave to Amend Supplemental Complaint is MOOT.

On October 17, 1986, this Court dismissed this case without prejudice for want of prosecution because service had not

been made on the Defendants within the 120 days of filing the complaint, as prescribed by Fed.R.Civ.P. 4(j). The Original Complaint in this case was filed on May 27, 1987. On that same day, Plaintiff requested and received (returned to Plaintiff's counsel for service) issuance of three summons. After the initial filing of the complaint and issuance of summons but before the Order of Dismissal for Want of Prosecution, Plaintiff filed a Supplemental Complaint on August 26, 1987. The Court notes that leave to file the Supplemental Complaint was neither requested nor granted, as required by Fed.R.Civ.P. 15(d).

Subsequent to the October 17, 1986, Order of Dismissal for Want of Prosecution, Plaintiff first filed, on October 24, 1986, a Motion for Extension of Time, which motion requested Relief from Judgment under Fed.R.Civ.P. 60(b). In this motion, Plaintiff asserted that the failure of service was due to mistake, inadvertence, surprise, or excusable neglect in that Plaintiff mailed his Supplemental Complaint and additional summons on July 30, 1986, to the Clerk of the United States District Court for the Southern District of Texas, Houston Division. Plaintiff further represented to the Court that "[t]o date the clerk [sic] has not returned said summons or complaint." Plaintiff's Motion for Extension Extension [sic] of Time. Finally, Plaintiff prayed for an additional 120 days to obtain service. The Court granted Plaintiff's Motion for Extension of Time, giving Plaintiff until January 23, 1987, to perfect service.

■ The Court notes that the relief Plaintiff sought was twofold. First, the Plaintiff requested that his case reinstated. Second, the Plaintiff requested an enlargement of time in which to achieve service. This second request would have been more appropriately pursued under Fed.R.Civ.P. 6(b). Nonetheless, Plaintiff initially pursued a Rule 60(b) course of action.

The Court observes that Fed.R.Civ.P. 60(b) "does not affect the finality of a judgment or suspend its operation." Fed. R.Civ.P. 60(b). On November 4, 1986, when the Plaintiff filed his Motion to Reinstate, the Court deferred relief and again granted an expansion of time to make service until January 23, 1987, but required the Plaintiff to reurge his Motion to Reinstate once service was perfected. Service was perfected, as to Ronald Knight and Thomas Johnson, on December 11, 1986, and, as to General Telephone Company of the Southwest, on December 16, 1986.

On December 30, 1986, Defendants filed a Motion to Dismiss based on three grounds: (1) insufficiency of service of process, (2) failure to state a claim, and (3) lack of subject matter jurisdiction. Plaintiff's Opposition to Motion to Dismiss is construed, in part, to be Plaintiff's reurging of his Motion to Reinstate because Defendants' first ground for dismissal is Plaintiff's violation of Rule 4(j).

PLAINTIFF'S MOTION TO REINSTATE:

■ The Court finds no reason to grant relief from the dismissal for want of prosecution. The alleged and only possible "excusable neglect or mistake" would have been the failure of the District Clerk to issue summons requested by the Plaintiff for service of his Supplemental Complaint. On this point, the Court finds two events to be particularly relevant and important to the decision to deny reinstatement. First, when Plaintiff finally perfected service, it was of the original and NOT the supplemental complaint. Second, Plaintiff's counsel continually represented to the Court, including an oral representation at the April 6, 1987, hearing, that he requested but did not receive the summons for the Supplemental Complaint from the District Clerk. In fact, however, in the July 30, 1986, cover letter to the U.S. District Clerk, Plaintiff's counsel only requested that Plaintiff's Supplemental Complaint be "filed among the papers in the above cause." Plaintiff's July 30, 1986, Cover Letter to U.S. District Court Clerk. Among the items on this form letter that could have been but noticeably was not checked, is a request to prepare citation [sic] and either return it to the office of Plaintiff's attorney, or forward it to the constable for service. Therefore, it is

ORDERED that Plaintiff's Motion to Reinstate be DENIED.

## DEFENDANT'S MOTION TO DISMISS:

■■■■ Additionally and/or alternatively, the Court finds merit in Defendant's Motion to Dismiss for insufficiency of service. As mentioned earlier, Plaintiff's Supplemental Complaint was never properly before this Court due to the fact that Plaintiff did not request leave to file the Supplemental Complaint.[1] Nevertheless, the Court did grant Plaintiff's Motion for Extension of Time, which arguably could be construed to be either (1) granting leave to file and serve the Supplemental Complaint, or (2) granting an expansion of time for service of the Original Complaint. If the Court construes its own granting of Plaintiff's Motion for Extension of Time as having granted leave for the filing and serving of the Supplemental Complaint, the Court would not allow the Supplemental Complaint to relate back to the initial filing of the suit because the Court finds that the Defendants would be unduly prejudiced because Defendants had never had notice of this suit up until December, 1986.[2] Without relation-back, and with the fact that the Supplemental Complaint was never in fact served, two consequences befall the Plaintiff. (1) He still has not perfected service; therefore, Defendant's Motion to Dismiss for insufficiency of service should be, and hereby is, granted. (2) The statute of limitations for Plaintiff alleged cause of action under 29 U.S.C. § 621 *et seq.* has most likely expired.[3]

As to the alternative construction of this Court's granting Plaintiff's Motion for Extension of Time, in reconsideration and in light of recently discovered facts, the Court finds that Plaintiff did not establish the "excusable neglect" necessary for expansion of time, as required by Rule 6(b).

1. Fed.R.Civ.P. 15(d). Generally, the rule for leave to *amend* is stated in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). It is within the Court's discretion to permit amendments, and leave to amend is to be liberally given. "Liberality is the rule with regard to supplemental pleadings as well. The purpose of a supplemental pleading is to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought. Its function is to bring the action 'up to date.'" *Weisbord v. Michigan State Univ.*, 495 F.Supp. 1347, 1350–51 (W.D. Mich.1980). Since the 1963 amendment to Rule 15(d), supplemental pleadings can also be used to cure defective pleadings. *See* Fed.R.Civ.P. 15(d), Notes of Advisory Committee on Rules, 1963 Amendment. The leading Fifth Circuit case in this area was the forerunner to the 1963 amendment. *Camilla Cotton Oil Co. v. Spencer Kellogg & Sons*, 257 F.2d 162 (5th Cir.1958).

In the case before the Court, the Plaintiff's Original Complaint was defective as Plaintiff did not plead the prerequisite of (1) filing a charge with the appropriate state and/or federal agency and (2) sending a notice of intent to sue. Plaintiff's Supplemental Complaint indicated that a notice of intent to sue was sent to the Secretary of Labor on July 18, 1986, after the filing of the Original Complaint. The Court is at a loss to explain Plaintiff's letter to the Secretary of Labor unless Plaintiff's charge of age discrimination predated the 1978 amendments to 29 U.S.C. § 626(d)(1). Effective January 1, 1979, all functions vested by 29 U.S.C. § 626 were transferred to the Equal Employment Opportunity Commission. *See* 29 U.S.C.A. § 626 (1985), Historical Note. Therefore, Plaintiff's use of a Supplemental Complaint was superficially correct, but still substantively defective. This problem, along with the terms and conditions for the filing of the Supplemental Complaint (such as perfecting service), could have been addressed by this Court had the Court been afforded the opportunity to grant leave to supplement the pleadings. *See, e.g., Shires v. Magnavox Co.*, 74 F.R.D. 373, 374–75 (E.D.Tenn. 1977).

Plaintiff's counsel represented to the Court at the April 6, 1987, hearing that he believed he did not need to request leave of Court since no responsive pleadings had been filed. [However, no answer could have been filed because no service of process had been effected.] This is true for amended pleadings, Rule 15(a), but this is not true for supplemental pleadings, Rule 15(d). "One major difference between practice under Rule 15(a) and Rule 15(d) ... is that certain amendments may be made as a matter of course within stated time periods, whereas all supplemental pleadings require leave of court." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1504 (1971 & Supp.1986).

2. Fed.R.Civ.P. 15(c). *Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

3. 29 U.S.C.A. §§ 626(e), 255. No doubt, this was the reason for Plaintiff's haste in filing this suit on May 27, 1986, three years after his termination on May 27, 1983. However, the statute of limitations defense has not been raised by the Defendants.

Plaintiff's counsel never requested summons from the Clerk. Arguably, the Court could simply accept the granting of the Motion for Extension as granting the expansion of time for service of the original complaint; in which case, the Court finds merit in Defendant's two additional grounds for dismissal: (1) failure to state a claim [4] and (2) lack of subject matter jurisdiction over the state law claims.[5] It is, therefore,

ORDERED that Defendant's Original Complaint be DISMISSED.

See also, D.C., 648 F.Supp. 126.

---

**4.** *Supra,* note 1. Plaintiff's Original Complaint fails to meet the prerequisites necessary to state an ADEA claim: (1) timely filing a charge with the EEOC and appropriate state agency, and (2) providing timely notice of intent to sue. *See, e.g., Woodward v. Western Union Telegraph,* 650 F.2d 592 (5th Cir.1981); *Michelson v. Exxon Research and Engineering Co.,* 629 F.Supp. 418, 424–25 (W.D.Pa.1986). In attempting to correct these deficiencies, Plaintiff has presented this Court with some very troubling inconsistencies, most notably as pertains to the exact date of filing a charge. Exhibit "C" to Plaintiff's Opposition to Motion to Dismiss is an affidavit made by the Plaintiff. In it, Plaintiff states that "[o]n July 16, 1984, I filed an Age Discrimination Case with the EEOC and The Texas Commission on Human Rights a copy of which is attached here-

to as Exhibit 'A.'" Attached is a copy of an EEOC form 5: Charge of Discrimination. It is undated, unsigned (in the block in which Plaintiff makes averments of the charge's accuracy). Additionally, there is no indication of receipt by the EEOC or the Texas Commission on Human Rights. However, on page 2 of Plaintiff's Proposed Amended Supplemental Complaint, the Plaintiff states that he filed his charge with the EEOC and the Texas Commission on Human Rights on June 26, 1984.

**5.** Plaintiff's Original Complaint alleges a state law cause of action of defamation. This Court declines to exercise pendent jurisdiction over this claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).