**Thomas SCHROEDER, Plaintiff,**

v.

**COPLEY NEWSPAPER d/b/a Wauke-
gan News–Sun, an Illinois
corporation, Defendant.**

**88 C 0770.**

United States District Court,
N.D. Illinois, E.D.

July 5, 1988.

H. Candace Gorman, Gregory X. Gorman, Robert J. Paul, Gorman and Gorman, Chicago, Ill., for plaintiff.

James D. Fiffer, Patricia Mengler Whaley, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The plaintiff, Thomas Schroeder, filed this two count complaint against the defendant, Copley Newspaper d/b/a Waukegan News–Sun ("Copley"), alleging that he was terminated from his job in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. sec. 621 *et seq.* (1985) (Count I), and that he suffered severe emotional distress as a result of his discharge (Count II). Copley has moved to dismiss Schroeder's ADEA claim on the ground that Schroeder failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days after his termination as required by 29 U.S.C. sec. 626(d)(2).[1] Not surprisingly, Schroeder takes a different view of the matter.

Schroeder was terminated on January 29, 1986; he was 59 years old. In approximately May 1986, another Copley employee, James Wallace, age 58, was terminated; Wallace contacted Schroeder[2] and told Schroeder that he (Wallace) believed they had been terminated because of their age. In June, Schroeder accompanied Wallace to the EEOC office in order "to file [their] charge[s] of discrimination against [Copley]." Schroeder Affidavit, para. 4.

Schroeder was interviewed by Gloria Mayfield, an EEOC intake person; he provided her with all of the information she requested; but she told Schroeder that "there wasn't much she could do for [him]." Schroeder Affidavit, para. 5. Based on Miss Mayfield's comment, Schroeder believed he had no claim of discrimination against Copley. Plaintiff's Answer to Defendant's Motion for Summary Judgment, at 2. He thus left the EEOC office without filing a written charge of discrimination.

After Schroeder's failed visit to the EEOC, he learned that a "substantial" number of Copley's "older employees were fired or forced to retire * * *." Schroeder Affidavit, para. 6. Some of these employees contacted Schroeder and told him that they had received settlements from Copley. *Id.* Schroeder, at this time, realized "that maybe the EEOC was wrong and [he] did have a cause of action." *Id.* He filed his written charge of discrimination against Copley on November 19, 1987—almost 22 months after he had been let go. It seems clear, then, that Copley is entitled to summary judgment because Schroeder failed to file his charge of discrimination within the 300–day time period. Schroeder, however, offers two arguments in opposition; and it is to those that we now turn.

Schroeder's first contention is that he filed an oral charge of discrimination with the EEOC when he spoke with Miss Mayfield in June 1986; he argues that the ADEA does not require written notice; and that his conversation with Miss Mayfield fulfilled his obligation under the ADEA. We are constrained to conclude otherwise.

We are of the view that a grievant must file a written charge of discrimination in order to satisfy his duty under sec. 626(d). While sec. 626(d) does not expressly require written notice, we think the necessity of a writing is implicit in the very notion of "filing." Our reading of sec. 626(d) finds support in the case law, *see Woodward v. Western Union Tel. Co.*, 650 F.2d 592, 594 (5th Cir.1981); *Reich v. Dow Badische Co.*, 575 F.2d 363, 368 (2d Cir.

---

1. Illinois is a "deferral" State, having its own Human Rights Commission; therefore, the 180 day limit contained in sec. 626(d)(1) does not apply. *See* 29 U.S.C. sec. 633(b).

2. Wallace also contacted Allen Mehula, a former Copley employee, who, at age 55, was terminated on the same day as Schroeder.

1978), and in the Rules. Fed.R.Civ.P. 5(e) defines "filing with the court" as "[t]he filing of pleadings and other papers" with the clerk of the court or the judge; there is no provision for oral filings. Similarly, *Black's Law Dictionary* provides the following definition:

> File, *v.* To lay away and arrange in order, pleadings, motions, instruments, and other papers for preservation and reference. To deposit in the custody or among the records of a court. To deliver an instrument or other paper to the proper officer or official for the purpose of being kept on file by him as a matter of record and reference in the proper place. *It carries the idea of permanent preservation as a public record.*

*Id.* at 566 (emphasis supplied). A document is permanent, a speech is not. In light of these sundry authorities, we think it is clear that sec. 626(d) requires written notice; and Schroeder's conversation with Gloria Mayfield in June of 1986 did not meet that requirement.

We also note that written notice best serves the goals sought to be achieved by the filing requirement. The purpose of the filing requirement is two-fold: it allows the EEOC to effect a conciliation when the grievance is fresh; and it provides the employer with early notice of the lawsuit, thus promoting the preservation of evidence as well as good faith negotiations during the conciliation period. *Posey v. Skyline Corp.*, 702 F.2d 102, 104 (7th Cir.1983). Written notice supplies a greater degree of certainty than does oral notice; a written charge of discrimination serves as a permanent reminder and proof that the grievant initiated the process. Oral notice does not; it is subject to the vagaries of memory, and therefore injects a substantial and needless incertitude into the system. For example, once a charge of discrimination is filed, the EEOC must notify the employer of the charge and its underlying facts and attempt to settle the matter. It seems obvious that this task will be more accurately and efficiently achieved if the responsible EEOC employee works from a written account of the relevant facts, rather than from recollection.[3]

For what it is worth, we do not think Schroeder's conversation with Miss Mayfield would satisfy sec. 626(d)'s filing requirement even if oral notice was permissible. "In order to constitute a charge that satisfies the requirement of section 626(d), notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the [EEOC]'s machinery." *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983). Here, Schroeder told his story to Miss Mayfield; she commented on it; and he left without filing a written charge of discrimination. We do not think Schroeder's conduct would convince a reasonable person that he intended to set the machinery of the EEOC in motion.[4] As far as we can tell, Schroeder did not even ask Miss Mayfield whether her comment meant that in

---

**3.** We emphasize that our holding that sec. 626(d) requires written notice rests on the conclusion that "filing" implies papers; thus the requirement stems directly from the language of the statute, and not from our policy preferences. We do not decide that written notice is mandated based on the fact that the administrative costs of allowing oral notice would jeopardize the smooth operation of the EEOC apparatus (although it seems clear that it would at least increase the costs). *See* Cavanagh, *The Relevance of Administrative Considerations in the Judicial Decisionmaking Process: A Kantian Perspective,* 11 Harv.J.L. & Pub.Pol'y 407 (1988). Congress has drawn the statute as it saw fit; therefore, it has considered (or failed to consider) the administrative costs imposed by the filing requirement. Accordingly we would not be justified in reweighing and balancing these costs against the substantive rights created by the ADEA. *See* Easterbrook, *Statutes' Domains,* 50 U.Chi.L.Rev. 533 (1983).

**4.** Schroeder argues that the EEOC's failure to notify Copley of the charge "filed" in June of 1986 is the result of the EEOC's negligence, but it is difficult to see how. Schroeder simply up and left the EEOC office without filing a written charge of discrimination. Under these circumstances it does not strike us as negligent that Miss Mayfield did not notify Copley of Schroeder's complaint. At all events, Miss Mayfield's conduct is of no moment in determining whether Schroeder's actions would have convinced *a reasonable person* that he intended to initate the EEOC process; her actions are relevant, however, in ascertaining whether the time period should be equitably modified.

fact he had no age discrimination claim against Copley; rather, he simply left after her prognosis.

We now consider Schroeder's second argument. It runs as follows:

Because the [p]laintiff * * * was misled by the EEOC into believing that he did not have a cause of action against [Copley] for age discrimination *and* because [Copley] failed to post the required notices advising employees of their rights under ADEA the time period for Plaintiff to file a charge should have begun running when Plaintiff contacted an attorney on his own to discuss the possibility of his having a cause of action.

Plaintiff's Answer to Defendant's Motion for Summary Judgment, at 7 (emphasis supplied). Perhaps without realizing it, Schroeder offers two distinct arguments for equitably modifying the limitation period.

■ The first aspect presents an estoppel claim: since the EEOC prevented Schroeder from filing his discrimination charge by misleading him, Copley should be equitably estopped from using the limitation period to avoid liability. "Equitable estoppel is available only if the employee's otherwise untimely filing was the result either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Mull v. Arco Durethene Plastics, Inc.*, 784 F.2d 284, 292 (7th Cir.1986) (quotation marks and citation omitted). We must consider factors such as whether the plaintiff actually and reasonably relied on the defendant's conduct and representations, and whether there exists evidence that the defendant acted with an improper purpose or had actual or constructive knowledge of the deceptive nature of its conduct. *Id.*

*Woodard v. Western Union Tel. Co.*, 650 F.2d 592 (5th Cir.1982), involved facts very similar to those presented in this case. In *Woodward,* the plaintiff argued that sec. 626(d)'s limitation period was tolled when he failed to file a written charge of discrimination after agency "officials advised him to 'remain quiet and they would run the whole thing through.'" *Id.* at 593. The court observed that equitable tolling was available where the agency or employer "affirmatively induces the complainant to forbear from prosecuting his known claims." *Id.* at 595. According to the court, however, the fact that officials told the plaintiff to sit silently by while they did the work was insufficient to create a genuine issue of material fact that the agency's "actions and representations lulled him into failing to file a proper notice, especially when the record shows that the [plaintiff] was familiar with the age discrimination laws." *Id.*

Similarly, in this case, we are convinced that Schroeder has not adduced evidence sufficient to create a genuine issue of material fact that Miss Mayfield affirmatively induced or lulled him into forbearing from filing his charge of discrimination. True, Miss Mayfield told Schroeder that she did not think she could do much for him; but this observation falls far short of evidencing a "deliberate design" by Miss Mayfield, or that she should have unmistakably understood that it would cause Schroeder to fail to file his charge. Her forecast about the EEOC's ability to help simply does not rise to the level of an affirmative inducement. And while Schroeder may not have been "familiar" with the age discrimination laws when he accompanied Wallace to the EEOC office, he nevertheless understood he had rights under the ADEA; and that is enough.

■ Finally, we consider Schroeder's contention that the time period was equitably tolled until he contacted an attorney because Copley failed to post notices informing its employees of their rights under the ADEA. While we agree with Schroeder that the time period is tolled by the absence of notices posted conspicuously in the workplace, *Posey*, 702 F.2d at 105, we disagree with his conclusion that the period did not begin to run until he contacted his lawyer (apparently in 1987, but no date is provided in his affidavit). Where an employer fails to post such notices, the period is equitably tolled until "the employee either retains an attorney or acquires actual

knowledge of his rights under the ADEA." *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1289 (7th Cir.1978). Construed in the light most favorable to Schroeder, we conclude he acquired actual knowledge of his rights under the ADEA when he visited the EEOC office in June 1986 (more likely, when Wallace contacted him in May 1986). At that time the tolling period ended, and Schroeder had 300 days in which to file his charge with the EEOC. He did not do so. Therefore, his ADEA claim is barred.

Since Count I is dismissed it can no longer serve as the jurisdictional basis for Count II, which is a pendent state law claim for intentional infliction of severe emotional distress. Accordingly, Count II is dismissed for want of subject matter jurisdiction. *See Maguire v. Marquette University,* 814 F.2d 1213, 1218 (7th Cir. 1987). The clerk is directed to enter an order pursuant to Fed.R.Civ.P. 58 granting judgment in the defendant's favor as to Count I, dismissing Count II for lack of subject matter jurisdiction, and dismissing the plaintiff's complaint in its entirety.