**Thomas SCHROEDER, Plaintiff–Appellant,**

v.

**COPLEY NEWSPAPER, d/b/a Waukegan News–Sun, an Illinois Corporation, Defendant–Appellee.**

No. 88–2621.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1989.

Decided July 12, 1989.

---

Gregory X. Gorman, Robert J. Paul, H. Candace Gorman, Kenneth Goldberg, Gorman & Gorman, Chicago, Ill., for plaintiff-appellant.

James D. Fiffer, Patrica Mengler Whaley, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant-appellee.

Before CUDAHY, COFFEY and MANION, Circuit Judges.

MANION, Circuit Judge.

Plaintiff-appellant Thomas Schroeder appeals the district court's entry of summary judgment which held that Schroeder had failed to file a timely charge of age discrimination, and that no grounds existed to equitably toll the charge-filing period. The district court also dismissed Schroeder's pendent state law claim for lack of subject matter jurisdiction. We affirm.

I.

Because Schroeder appeals from a grant of summary judgment, we view the record

and all inferences drawn from it in the light most favorable to Schroeder, the non-movant. *Beard v. Whitley County REMC,* 840 F.2d 405, 409–10 (7th Cir.1988). Copley–Newspaper ("Copley") terminated Schroeder on January 29, 1986; he was 59. On April 4, 1986, Copley terminated another employee, James Wallace, then age 58. Within weeks, Wallace contacted Schroeder and told him that he too had been discharged, and that Wallace believed both he and Schroeder had been unlawfully terminated because of their age. In June 1986, at Wallace's "urging," Schroeder (accompanied by Wallace) went "to the EEOC office in Chicago to file a charge of discrimination against [Copley]." (Schroeder affidavit, ¶ 4)

At the EEOC, Gloria Mayfield interviewed Schroeder. (The district court described Mayfield as an "intake person"; but nothing in Schroeder's affidavit or the rest of the record identifies Mayfield.) After Schroeder provided Mayfield with all of the information she requested (the record does not reveal what this was) and following an interview, Mayfield informed Schroeder that "there wasn't much [that] she could do for [him]." (Schroeder affidavit, ¶ 5) Schroeder left the EEOC, and has not succeeded in creating an issue of fact as to whether he filed a charge or completed an intake questionnaire.

Following Schroeder's visit to the EEOC, "a number of older employees were fired or forced to retire by [Copley]." (Schroeder affidavit, ¶ 6) Schroeder learned that "[s]ome of those employees received settlements," and "realized that maybe the EEOC was wrong and [that he] did have a cause of action." (*Id.*) He then contacted an attorney and on November 19, 1987, filed a charge with the EEOC alleging that Copley had unlawfully discriminated against him on the basis of age.

Schroeder filed a two-count complaint on January 27, 1987. Count one alleged his discharge violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Count two was a state law claim brought under the court's pendent jurisdiction for intentional infliction of emotional distress. Copley moved for summary judgment on Count one, arguing that Schroeder's charge was untimely, and moved to dismiss Count two for lack of subject matter jurisdiction in the event the district court granted summary judgment on the ADEA claim. Schroeder opposed the summary judgment motion, claiming first that he had filed a timely charge, and second, that even if he had not, the charge-filing period should have been tolled on account of the EEOC's refusal to accept his charge, and Copley's failure to post notices informing its employees of their rights under the ADEA.

The district court held that Schroeder had not filed a timely charge with the EEOC, and that, in any event, he had never (within the 300–day limitations period) manifested an intent to activate the ADEA's machinery. The court also found there was no basis to equitably toll the charge-filing period. Mayfield's comment that she didn't think there was much the EEOC could do for Schroeder, the court reasoned, did not amount to an "affirmative inducement" to forego filing a charge. Further, the court held, even if Copley's failure to post a notice informing its employees of their rights under the ADEA tolled the charge-filing period, it only tolled the period until May or June 1986, when Schroeder learned of his rights through Wallace. And because Schroeder did not file his charge until November 19, 1987, it still was untimely. The court also dismissed Schroeder's pendent claim for lack of subject matter jurisdiction. Schroeder appeals the district court's determinations that his charge was untimely and that no grounds existed to equitably toll the filing period. 691 F.Supp. 1127.

## II.

We review the district court's entry of summary judgment *de novo. Central States, Southeast and Southwest Areas Pension Fund v. Jordan,* 873 F.2d 149, 152 (7th Cir.1989). Summary judgment is proper when no genuine issues of material fact exist and when the moving party is entitled to judgment as a matter of law. *Id.* The

party bearing the burden of proof on a particular issue must "affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard*, 840 F.2d at 410. (Emphasis omitted.) This requires more than merely showing "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587, 106 S.Ct. at 1356 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

Under the ADEA "[n]o civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). In a deferral state like Illinois, *Smith v. General Scanning, Inc.*, 832 F.2d 96, 98 (7th Cir.1987), a charge must be filed within 300 days of the alleged unlawful practice. The charge-filing requirement ensures that the EEOC will have information sufficient to allow it to notify employers that they have been accused of unlawful discrimination. *Steffen v. Meridian Life Insurance Co.*, 859 F.2d 534, 542 (7th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). It also gives the EEOC an opportunity to investigate the allegations and to eliminate the unlawful practice (if that is what the EEOC's investigation uncovers) through conciliation, conference, and persuasion. *Id.* at 542 (collecting cases). For a charge to satisfy § 626(d), the " 'notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the [ADEA's] machinery.' " *Steffen*, 859 F.2d

at 542 (quoting *Bihler v. Singer*, 710 F.2d 96, 99 (3d Cir.1983)). The Third Circuit explained, "[t]he efficient operation of the [EEOC] demands such notice" because "Congress certainly did not intend the [EEOC] to squander its resources by investigating where no complaint has been filed...." *Bihler*, 710 F.2d at 99. Also, to be sufficient a "charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6; *see also* 29 C.F.R. § 1626.8(b); *Steffen*, 859 F.2d 542.

In *Steffen*, we held that a completed intake questionnaire satisfied the charge-filing requirement. It was in writing, named the respondent, and adequately alleged the discriminatory act (demotion). *Id.* at 542, 544. Further, Steffen had made known his intent to activate the ADEA's machinery by informing the EEOC of his intent to comply with the charge-filing requirement, and by following the EEOC's instructions on how to satisfy the requirement. *Id.* at 544. In *Bihler*, though, the Third Circuit held that an employee's letter to his former employer—with copies to the EEOC and the relevant state agencies—which alleged that the writer's termination "constituted age discrimination" and threatened litigation did not constitute a "charge" because it failed to notify the EEOC that the employee intended to activate the ADEA's machinery. *Id.* at 99–100. The aggrieved employee's letter "did not sufficiently inform the EEOC whether it was 'to investigate immediately or to await further communication from the plaintiff before investigation.' " *Id.* at 100 (citation omitted).

In this case, there was no timely written charge, and Schroeder has not produced a completed intake questionnaire. *Compare Steffen.*[1] There was not even an

---

**1.** In an effort to fall under *Steffen*, Schroeder asserts in his appellate briefs that, since the filing of an intake questionnaire is routinely requested of all complainants, "it can be assumed that [Schroeder] did in fact fill out an intake questionnaire." Schroeder makes this request despite the fact that the record contains no such questionnaire and that Schroeder's own

affidavit makes no reference to having ever filled one out. Assumptions or conclusory claims cannot take the place of specific facts so as to create a genuine issue for trial. *See Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Given the total absence of any factual support, we decline to assume that

informal letter alleging discrimination and threatening litigation as in *Bihler*. Schroeder produced no facts indicating that he filed any written statement or that the information he provided Mayfield was ever reduced to writing (see *infra* note 2). Rather, from the record, all we know is that Schroeder set out for the EEOC's Chicago office intending to file a charge (though he never told the EEOC that that was his intent); he met with Mayfield (the "intake person"); he was told that there "wasn't much" the EEOC "could do for [him]"; and he left without any further activity. We do not know what information Schroeder gave to Mayfield (or, for that matter, who Mayfield was, or what position she held), or what Mayfield was referring to when she commented that there "wasn't much" that could be done. This, coupled with the absence of any timely written charge or intake questionnaire, compels the conclusion that not only was no charge timely filed, but also that no reasonable person would have been convinced that Schroeder intended to "activate the [ADEA's] machinery." *Steffen*, 859 F.2d at 542; *see also Bihler*, 710 F.2d 99–100.[2]

█ Retreating somewhat, Schroeder next argues that the EEOC prevented him from filing a charge, and that, as a result, the charge-filing period ought to be tolled to avoid punishing him for the EEOC's failure to fulfill its duty. We cannot agree that Schroeder was in any way prevented

from filing a charge. This case is unlike *McKee v. McDonnell Douglas Technical Services Co., Inc.*, 700 F.2d 260 (5th Cir.), *rehearing denied,* 705 F.2d 776 (5th Cir. 1983) (per curiam), relied on by Schroeder, where the complainant alleged that the EEOC flatly refused to accept his discrimination charge. *Id.* at 263. In that case, the district court granted summary judgment on the basis of the employee's failure to file a formal charge of discrimination with the EEOC, despite the EEOC's refusal to accept the charge. The Fifth Circuit reversed and vacated the grant of summary judgment, explaining that the EEOC had no authority to refuse to accept charges, and that the complainant should not be made to pay for the EEOC's failure to fulfill its duty. Thus, the allegations concerning the EEOC's refusal to accept the charge raised a material issue of fact as to whether the complainant's failed visit to the EEOC tolled the filing period. *Id.* at 263–65. *See also Jennings v. American Postal Workers Union*, 672 F.2d 712, 715 (8th Cir.1982) (EEOC wrongly refused to accept the plaintiff's charge).

In contrast, the court in *Woodard v. Western Union Telegraph Co.*, 650 F.2d 592 (5th Cir.1981), refused to toll the charge-filing period. In *Woodard*, the plaintiff never filed written notice of his intent to sue [3] with the Secretary of Labor,[4] although he had given oral notice. To excuse his failure, the plaintiff alleged that Department of Labor officials had advised him to keep quiet while they took care of

---

Schroeder either completed or filed an intake questionnaire.

**2.** Because we decide that no charge of any kind was timely filed, we do not need to reach the issue of whether a charge must be filed in writing or whether it may be filed orally. We note, though, that the charge in its final form must be in writing. 29 C.F.R. § 1626.6. However, the regulations indicate that charges may be received orally (e.g., by telephone), so long as they ultimately are "reduced to writing." *Id.*

We also do not address Schroeder's argument that, even if his charge was untimely, the charge-filing requirement was nevertheless satisfied because others did file timely charges, thus placing Copley on notice under the reasoning of *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1016–17 (7th Cir.1988) (not

every individual who files suit under the ADEA must have filed an individual charge; however, there must be a charge filed which contains an allegation of class-wide discrimination before such "piggy-backing" is permissible). This argument was raised for the first time in Schroeder's reply brief and was, therefore, waived. *Shlay v. Montgomery*, 802 F.2d 918, 922 n. 2 (7th Cir. 1986).

**3.** Section 626(d) formerly required individuals to give "notice of an intent to file [suit]," but was amended in 1978 to substitute the word "charge" for the notice of intent to file suit requirement. *Woodard*, 650 F.2d at 593 n. 1.

**4.** The Secretary of Labor's duties and responsibilities under the ADEA were shifted to the EEOC effective January 1, 1979. *Anderson*, 852 F.2d at 1014 n. 9.

things. Notwithstanding that advice, the district court dismissed the complaint for failing to satisfy the intent to sue requirement; and the Fifth Circuit affirmed, reasoning that the Department of Labor officials had not "lulled" or "affirmatively induce[d]" the plaintiff into not filing a proper notice. *Id.* at 595. *Compare Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 615–16 (10th Cir.1988) (the fact that the EEOC scheduled a meeting with a large group of complainants to assist them in the filing of charges when the date of the meeting was beyond the 180–day limitations period held sufficient to toll the filing period). Short of that, and given the plaintiff's "familiar[ity]" with the age discrimination laws, the court held, there could be no genuine issue of fact to support equitable tolling. *Woodard*, 650 F.2d at 595.

Likewise here, Schroeder has failed to produce any evidence or facts sufficient to create a genuine issue of material fact to the effect that the EEOC "affirmatively induced" or "lulled" him into inaction. (The EEOC certainly did not refuse to accept a charge. *Compare McKee; Jennings.*) True, Mayfield told Schroeder that there "wasn't much" that the EEOC "could do for him"; but that does not constitute lulling or an affirmative inducement to forego filing a charge. And Schroeder's affidavit did not even inform us as to whether he filled out or even attempted to fill out an intake questionnaire. Mayfield's lukewarm reception does not justify equitably tolling the charge-filing period. Finally, while Schroeder may not have been "familiar" with the ADEA when he accompanied Wallace to the EEOC, he nevertheless understood he had rights under the ADEA (see *infra*); and that is enough.

Lastly, Schroeder contends that the filing period should have been equitably tolled until he retained an attorney because Copley failed to post notices informing its employees of their rights under the ADEA. Employers are required to post such informational notices under 29 U.S.C. § 627. *See also* 29 C.F.R. § 1627.10; *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir.1978). The notices must be posted in conspicuous places and inform the employees that the ADEA "prohibits age discrimination and protects applicants and employees 40 years of age or older from discrimination in hiring, promotion, discharge, pay, fringe benefits and other aspects of employment." 8 Fair Empl. Prac.Manual (BNA) pp. 441:151–441:153 (1989). The notice must further state that employees who "believe [they] have been discriminated against ... immediately should contact [the EEOC or an EEOC field office]." *Id.* at 441:153. If an employer fails to post such a notice, the charge-filing period will "not begin to run until the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA." *Posey v. Skyline Corp.*, 702 F.2d at 105; *see also Kephart*, 581 F.2d at 1289.

 It is undisputed that Copley failed to properly post such notices. Schroeder thus argues that the filing period should not have started to run until November 1987—when he claims he retained an attorney. The record, however, does not tell us *when* Schroeder hired his attorney; rather, it tells us only that he hired one. The November 1987 date appears only in Schroeder's brief, but facts stated in a brief are insufficient to create a genuine issue of material fact. *See Helmich v. Kennedy*, 796 F.2d 1441, 1443 (11th Cir. 1986). Regardless, we agree with the district court that Schroeder acquired actual knowledge of his rights under the ADEA in May or June of 1986, and that his charge, filed in November 1987, was untimely.

The information Schroeder needed to know before filing a charge was straightforward: that it was unlawful to discriminate on the basis of age, and that he was required to file a charge with the EEOC to pursue a discrimination claim. A posted notice would have told him no more. 8 Fair Empl.Prac.Manual at 441:153. An employer's failure to post notices tolls the charge-filing period "only until the employee acquires *general* knowledge of his right not be discriminated against on account of age," not until the employee acquires knowledge of his "specific rights under the ADEA" or the existence of the specific

charge-filing period. *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1486 (11th Cir.1984) (emphasis in original). *See also Kale v. Combined Insurance Co.*, 861 F.2d 746, 754–55 (1st Cir.1988); *Posey v. Skyline Corp.*, 702 F.2d at 106 n. 2. "Once an employee is 'generally aware of his legal right to obtain redress for … [age discrimination], he possesses sufficient knowledge to enable him to vindicate his rights if he so desires.'" *Kale v. Combined Insurance Co.*, 861 F.2d at 753, quoting *McClinton v. Alabama By–Products Corp.*, 743 F.2d at 1486. By May or June 1986, Wallace, who apparently had already filed his own charge with the EEOC, had told Schroeder that he believed they had been discriminated against because of their age; and Schroeder had traveled to the Chicago EEOC office with Wallace intending to file a charge. We think it plain that at that point Schroeder suspected he had been discriminated against on account of his age, and that he was generally aware of his right to obtain redress. Therefore, Schroeder's knowledge of his rights under the ADEA was sufficient to trigger the 300–day time limit contained in § 626(d). *See Kale v. Combined Insurance Co.*, 861 F.2d at 753; *DeBrunner v. Midway Equipment Co.*, 803 F.2d 950, 952 (8th Cir.1986); *McClinton v. Alabama By–Products Corp.*, 743 F.2d at 1485–86.

Because the district court properly entered summary judgment on Schroeder's federal claim (ADEA), it was also proper to dismiss Schroeder's pendent state law claim for lack of subject matter jurisdiction. *See Maguire v. Marquette University*, 814 F.2d 1213, 1218 (7th Cir.1987).

For the foregoing reasons, the judgment of the district court is

AFFIRMED.