**Patricia S. BURKLEY, Plaintiff,**

v.

**MARTIN'S SUPER MARKETS, INC., Defendant.**

No. S89–231.

United States District Court, N.D. Indiana, South Bend Division.

July 6, 1990.

Lance M. Clark, South Bend, Ind., for plaintiff.

Marian C. Haney, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Patricia Burkley filed this action on May 22, 1989 alleging that her former employer, Martin's Super Markets, Inc., violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, when it discharged her. Martin's moved to dismiss the complaint on the ground that Ms. Burkley's action was untimely. The court converted the motion to one for summary judgment. On May 1, 1990, the court heard argument on Martin's motion and stayed all further discovery in this matter and afforded both parties additional time within which to file supplementary materials in support of their positions. The second round of briefing has concluded. For the reasons that follow, the court concludes that while Ms. Burkley has demonstrated diligence in seeking to press her claim, Martin's is correct that her suit is untimely.

Ms. Burkley held the position of administrative assistant to Martin's president throughout her two-year tenure with Martin's. Ms. Burkley, who was forty years old when she was terminated on May 22, 1987, alleges that she was told her position was being eliminated. Soon after her termination though, Ms. Burkley claims that her former position (now under a different title) was filled by a younger person.

Ms. Burkley first contacted an attorney to discuss the legality of her discharge on September 8, 1987. She made this contact after speaking by telephone with someone at the Equal Employment Opportunity Commission ("EEOC"). An EEOC poster entitled "Equal Employment Opportunity is the Law" was displayed at the Martin's location where Ms. Burkley worked while she was employed. The EEOC notice was conspicuously and continually located on a bulletin board above the time clock in a hallway between the main office area and the employees' break room. This hallway apparently was frequented by all Martin's employees, including Ms. Burkley. The poster outlined employees' rights under various federal employment discrimination statutes, including the ADEA. There is, however, no direct evidence of Ms. Burkley's use of the information contained in the poster in contacting the EEOC or pursuing her claim.

Ms. Burkley's first attorney apparently initially agreed to take her case after meeting with her on September 16, 1987. On June 14, 1988, less than a year later, that attorney's firm withdrew as her counsel. Neither that first attorney nor any of his colleagues filed a charge of discrimination with the EEOC on behalf of Ms. Burkley. In a June 30, 1988 letter, Ms. Burkley's first attorney informed her that she should immediately seek substitute counsel in order to timely file a civil action within the two year statute of limitations period. Ms. Burkley then employed another attorney, who immediately informed her of the need to file a claim with the EEOC. Ms. Burkley herself accomplished this filing on August 16, 1988.

■ A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e); *Hannon v. Turnage*, 892 F.2d 653, 656 (7th Cir.1990). If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. *Cel-*

*otex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Whetstine v. Gates Rubber Co.,* 895 F.2d 388, 392 (7th Cir.1990). If he fails to do so, summary judgment is proper. *National Diamond Syndicate, Inc. v. UPS,* 897 F.2d 253, 260 (7th Cir.1990). A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir.1990). Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krist v. Eli Lilly and Co.,* 897 F.2d 293, 296 (7th Cir.1990).

■ The parties cannot rest on mere allegations in the pleadings, *Koclanakis v. Merrimack Mut. Fire Ins. Co.,* 899 F.2d 673, 675 (7th Cir.1990), or upon conclusory allegations in affidavits. *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir.1989). The court must draw any permissible inferences from the materials before it in favor of the non-moving party, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Pelker,* 891 F.2d 136, 138 (7th Cir.1989), as long as the inferences are reasonable. *Spring v. Sheboygan Area School District,* 865 F.2d 883, 886 (7th Cir.1989). The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law. *Local 1545, United Mine Workers v. Inland Steel Coal Co.,* 876 F.2d 1288, 1293 (7th Cir. 1989).

■ Martin's contends that Ms. Burkley's action is time-barred since she failed to file a charge with the EEOC within 300 days of her discharge as required by 29 U.S.C. § 626(d)(2). Ms. Burkley filed her claim with the EEOC more than a year after her discharge. Martin's also contends that it has demonstrated by affidavit that EEOC filing information was made available to Ms. Burkley by way of a bulletin board notice at Martin's. Martin's supplementary materials include a copy of the notice "Equal Employment Opportunities at Law" and an additional affidavit of Gaylen Wynn attesting to that notice's posting at Ms. Burkley's place of employment.

Ms. Burkley has two basic responses to Martin's motion. First, she argues that the 300–day requirement is not jurisdictional (but rather the filing is merely a condition precedent to the civil action) and, thus, as long as the related civil action is brought within the two year statute of limitations in 29 U.S.C. § 255, the administrative filing is irrelevant. She further contends that an equitable tolling of the 300–day period is proper in this case since she consulted with an attorney soon after her dismissal from Martin's and was never informed of the 300–day limit, but simply learned of the two year statutory period for filing a civil action. Ms. Burkley's supplemental filings include an affidavit from her former attorney, along with her own sworn statement by affidavit.

The balance of equities in this matter seem, on their face, to weigh in Ms. Burkley's favor. Ms. Burkley has demonstrated diligence in pursuit of her claim. On her own initiative she contacted the EEOC and legal counsel and even personally filed a charge with the EEOC after discovering the necessity for such filing. Her first attorney allegedly failed to inform her of the need to file an EEOC claim to preserve her cause of action and also failed to make the EEOC filing on her behalf. However, the court cannot reach the question of equitable tolling, for the wealth of case law clearly precludes equitable tolling on the undisputed facts of this case.

Ms. Burkley is correct that the ADEA's filing requirements are considered conditions precedent in this circuit and are, therefore, subject to equitable tolling, *Smith v. General Scanning, Inc.,* 832 F.2d 96 (7th Cir.1987); *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105 (7th Cir. 1984); *Settino v. City of Chicago,* 642 F.Supp. 755 (N.D.Ill.1986), but courts have narrowly circumscribed the sets of facts that allow application of equitable principles to the ADEA's statutory filing requirements.

 Ignorance of the law generally does not excuse a failure to learn of one's rights under the ADEA, *Greene v. Whirlpool Corp.*, 708 F.2d 128, 131 (4th Cir. 1983), cert. denied 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *Wilkerson v. Siegfried Insurance Agency, Inc.*, 683 F.2d 344, 347 (10th Cir.1982); *Soderlund v. Ben Franklin*, No. 84C4621, slip op. at 2, 1986 WL 10776 (N.D.Ill. September 26, 1986); *Welty v. S.F. & G., Inc.*, 605 F.Supp. 1548, 1564 (N.D.Ala.1985), especially when an employer conspicuously posts information about employee claims before the EEOC. *Settino*, 642 F.Supp. at 757; *Begley v. Howmet Turbine Components*, 47 F.E.P. 1880, 1988 WL 114595 (N.D.Ind.1988); *Peffley v. Durakool*, 669 F.Supp. 1453 (N.D.Ind.1987); *Posey v. Skyline Corporation*, 702 F.2d 102, 105–106 (7th Cir.), cert. denied 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Ms. Burkley has not denied the existence of the EEOC posting at Martin's or its ready availability to her. Claims of ignorance alone on a plaintiff's part provide no basis for equitable tolling in the absence of evidence indicating that the former employer failed to post EEOC filing information. *Vaught v. R.R. Donnelley & Sons*, 745 F.2d 407 (7th Cir.1984); *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978), cert. denied 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Peffley v. Durakool*, 669 F.Supp. at 1456; *Begley v. Howmet Turbine*, 47 F.E.P. at 1881.

Additionally, courts of this circuit have held that no issue concerning an individual's knowledge of her rights under the ADEA remains after that person has contacted an EEOC official or an attorney for advice about such rights. *Schroeder v. Copley Newspaper*, 879 F.2d 266, 268 (7th Cir.1989); *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978), cert. denied 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Bennett v. Russ Berrie and Co., Inc.*, 564 F.Supp. 1576, 1578 (N.D.Ind.1983); *Keitz v. Lever Bros. Co.*, 563 F.Supp. 230, 232 (N.D.Ind.1983). The accuracy of factual information disseminated by these sources has not affected prior decisions; when the undisputed facts establish contact with these sources, summary judgment in the employer's favor results. *DeBrunner v. Midway Equipment Co.*, 803 F.2d 950, 951–952 (8th Cir. 1986); *Leite v. Kennecott Copper Corporation*, 558 F.Supp. 1170, 1172–1174 (D.Mass.1983); *Bennett v. Russ Berrie and Co.*, 564 F.Supp. at 1580–1581; *Keitz v. Lever Bros.*, 563 F.Supp. at 234.

Ms. Burkley had contacted both the EEOC office and at least two attorneys before finally filing a charge of discrimination under the ADEA on August 16, 1988. While the timing of Ms. Burkley's first conversation with an EEOC official is uncertain, such a conversation preceded her September 8, 1987 contact with her first attorney's offices. Even were this court to toll the statutory filing requirements so as to commence the limitations period on September 16, 1987 (when Ms. Burkley first met with her first attorney), her August 16, 1988 filing was not completed within the 300–day statutory time period.

Knowledge of employee rights under the ADEA must be attributed to Ms. Burkley well before September, 1987, however. Martin's has established its posting of the EEOC sign during the course of Ms. Burkley's employ. She is, therefore, attributed with knowledge of that sign's contents and her rights regardless of any claims of ignorance which she may assert based on her own or other parties' failures to be informed.

Ms. Burkley has raised no genuine issue of material fact to preclude summary judgment in favor of the defendant. She has not preserved the right to bring her civil action in this court with the proper administrative procedures. That her failure might not be her fault does not allow this court to use equitable principles to avoid statutory requirements. Although the result may be harsh, Ms. Burkley has no remedy at law before this tribunal in this matter. Accordingly, the defendant's summary judgment is GRANTED.

SO ORDERED.