**Josie HARRIS, Plaintiff,**

v.

**COOK COUNTY HOSPITAL; Robert Weinstein; and Kathy Braswell, Defendants.**

**No. 96 C 7241.**

United States District Court, N.D. Illinois, Eastern Division.

July 7, 1997.

---

Louis P. Svendsen, Levin, McParland, Phillips & Leydig, Chicago, IL, for Plaintiff.

Josie Harris, Chicago, IL, pro se.

John Justin Murphy, State's Atty. of Cook County, Chicago, IL, Dianne McCollough–Travis, Cook County State's Atty., Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

Plaintiff Josie Harris brings this employment discrimination action against her employer, Cook County Hospital,[1] and two other Hospital employees, Robert Weinstein and

Kathy Braswell. After filing a *pro se* complaint, we appointed an attorney to represent Harris. Presently before this court is the defendants' motion to dismiss. For the reasons that follow, we convert the motion to dismiss into a summary judgment motion, and deny the motion.

## I. Background

According to the complaint, and the EEOC charge attached to it, Harris has worked at the Hospital since 1980. She currently holds the position "Administrative Assistant III." EEOC Charge at ¶ (I). Harris claims that, on June 7, 1994, she was denied a promotion from administrative assistant to "Research Associate." The plaintiff, who .is African–American and at the time was over forty years of age, maintains that a less qualified, younger, white person was chosen over her and fourteen other black candidates. Compl. ¶ 13; EEOC Charge at ¶ (III).

Before proceeding further, we explain why conversion of the motion to dismiss to a summary judgment motion is appropriate. In response to the defendants' primary claim—that a limitations period bars this suit—Harris raises a factual issue that, although implied in the pleadings, is supported by evidence outside the pleadings. *See generally Fleischfresser v. Directors of Sch. Dist. 200*, 15 F.3d 680, 684 (7th · Cir.1994). Accordingly, we will look at the evidence proffered by the plaintiff in order to determine whether she has run afoul of the limitations period.

On August 23, 1994, Harris filed an employment discrimination complaint with the Cook County Commission on Human Rights, and on December 12, 1994, she filed an amended complaint. Pl.'s Resp., Ex. A; Harris Aff. ¶ 2. Fifteen months passed. Finally, on April 2, 1996, the Commission dismissed the complaint for lack of substantial evidence. Pl.'s Resp., Ex. B. It appears that she filed, pursuant to the Commission's procedures, a request for reconsideration later that month. *Id.*, Ex. D. On June 26, 1996, the Commission denied the request. *Id.*, Ex. E. Meanwhile, on May 13, 1996,

---

1. As the defendants point out, the County of Cook, rather than Cook County Hospital, is the proper defendant, and we thus grant the plaintiff's motion to amend the complaint to name the County as the governmental defendant. *See Payne v. Cook County Hosp.*, 719 F.Supp. 730, 733–34 (N.D.Ill.1989); Pl.'s Resp. at 4.

Harris had filed a charge with the EEOC. *Id.*, Ex. C. On September 25, 1996, she received a right-to-sue letter from the Department of Justice. *Id.*, Ex. F. Finally, Harris filed the instant action on November 4, 1996. Defendants now maintain that Harris untimely filed her EEOC charge. We turn to that question.

## II. Discussion

■ Title VII, acknowledging that there may be some value in encouraging state and local governments to establish anti-discrimination agencies, generally sets forth different procedures for filing EEOC charges where a state or local agency has authority to remedy employment discrimination practices. Most pertinently to Harris's case, if a person initiates proceedings before such a state or local agency, she must file an EEOC charge regarding the alleged discrimination

> within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier. . . .

42 U.S.C. § 2000e–5(e)(1). Here, there is no dispute that the Hospital denied the promotion on June 7, 1994, Pl.'s Resp. at 2, and thus the May 13, 1996 EEOC filing was well outside the 300–day period.[2]

Harris points out, however, that the 300–day filing requirement is a limitations period, not a jurisdictional requirement, and thus is subject to tolling doctrines. *See Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982). According to the plaintiff, an EEOC counselor named "Mr. Bruce" told her that she "needed to wait until the administrative procedures concluded before filing with the EEOC." Harris Aff. ¶ 4. Additionally, Mr. Bruce never explained that if the Cook County Commission did not dispose of the claim within 300 days of the promotion denial, she would no longer be able to file an EEOC charge. *Id.* ¶ 5.

In light of the evidence proffered by the plaintiff, we think there exists a genuine issue of material fact. We are persuaded by those other courts that have applied equitable tolling to a Title VII limitations period where a complainant reasonably relied upon an EEOC employee's misstatement. After an EEOC counselor informed Harris that she could not file an EEOC charge until after the Cook County Commission completed its proceedings, Harris was "entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters." *Page v. U.S. Indus.,* 556 F.2d 346, 351 (5th Cir.1977) (cited by *Blumberg v. HCA Management Co.,* 848 F.2d 642, 644–45 (5th Cir.1988) and *Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1303 (5th Cir.1979)); *see also Bracey v. Helene Curtis, Inc.,* 780 F.Supp. 568, 570 (N.D.Ill.1992); *Giles v. Carlin,* 641 F.Supp. 629, 640–41 (E.D.Mich.1986); cf. *Stallworth v. Wells Fargo Armored Servs.,* 936 F.2d 522, 524–25 (11th Cir.1991). But cf. *Jones v. Baskin, Flaherty, Elliot and Mannino, P.C.,* 738 F.Supp. 937, 940 (W.D.Pa.1989) (collecting cases where equitable tolling not applied even though EEOC misled plaintiff regarding limitations period, but emphasizing that those cases involved plaintiffs who were represented by counsel), *aff'd,* 897 F.2d 522 (3d Cir.1990) (unpublished affirmance). In addition, on the evidence presently before us, Harris diligently filed the EEOC charge: the Commission dismissed her complaint on April 2, 1996, and even though she had a motion to reconsider still pending before the Commission, Harris filed the EEOC charge on May 13, 1996.

In response to the plaintiff's request to apply equitable tolling, the defendants rely on *Thelen v. Marc's Big Boy Corp.,* 64 F.3d 264 (7th Cir.1995). In *Thelen,* the plaintiff was discharged on November 9, 1987, but did not file his age discrimination charge with the EEOC until August 11, 1989. *Id.* at 266. In support of his argument that the limitations period should be tolled, Thelen asserted that "an EEOC employee told him that, because of the circumstances of his situation, the statute of limitations would be tolled."

---

2. In some states, "workshare agreements" between the EEOC and a non-federal agency deem that charges filed in one agency are automatically cross-filed in the other. *See Sofferin v. American Airlines, Inc.,* 923 F.2d 552, 554–57 (7th Cir.1991) (explaining workshare agreement between EEOC and Illinois Department of Human Rights). Neither Harris nor the defendants refer us to a workshare agreement that might affect the outcome of this motion.

*Id.* at 269. However, the Seventh Circuit agreed "with the district court that Thelen's repeated failure to provide specific information as to how this delayed his filing of an administrative claim defeats this argument." *Id.* Whereas it appears that Thelen was already beyond the limitations period when he spoke to the EEOC employee, Harris specifically explains that she received the misinformation prior to the expiration of the 300–day period, and specifically explains how her reliance on the misinformation delayed the EEOC filing. *See* Harris. Aff. ¶¶ 4–5. Accordingly, we deny the defendants' motion for summary judgment.[3]

### III. Conclusion

For the foregoing reasons, we convert the defendants' motion to dismiss into a summary judgment motion, and deny that motion. We also grant the plaintiff's leave to amend the complaint to name the County of Cook, rather than Cook County Hospital, as the governmental defendant. *See supra n. 1.* It is so ordered.

---

**3.** By converting the defendants' motion to dismiss to a summary judgment motion, we of course do not mean to preclude any other motions to dismiss or for summary judgment that the defendants, particularly the individual defendants, *see Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir.1996) (individual defendants not liable under Title VII), might wish to file.