**Carmela A. RIOS, Plaintiff,**

v.

**AT & T CORPORATION, a New York corporation, Defendant.**

No. 97 C 0669.

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 1999.

Carmela A Rios, Chicago, IL, pro se.

Eugene K. Hollander, Jill A. Pignotti, The Law Offices of Eugene K. Hollander, Chicago, IL, for plaintiff.

Charles Clark Jackson, Allegra R. Rich, Theresa Anne Robbins, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Paul H. Beattie, Foley & Lardner, Chicago, IL, Thomas H.W. Sawyer, AT & T Corp., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

On November 12, 1997, plaintiff Carmela Rios filed an amended complaint against defendant AT & T, a New York corporation, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.* Plaintiff alleges that defendant has denied and continues to deny plaintiff employment on the basis of her race, national origin and sex. Defendant moved for summary judgment, arguing that: (1) plaintiff's complaint is time-barred, and (2) even if plaintiff's complaint is not time-barred, defendant is entitled to summary judgment on the merits. On October 30, 1998, this court held an evidentiary hearing limited solely to the statute of limitations issues. For the reasons set forth below, defendant's motion is granted.

## FACTS

The following facts are uncontested unless otherwise noted. Plaintiff began working for defendant on June 9, 1980, and for the next seven years held various hourly technical positions. In November 1987, she was promoted to management. In February 1991, plaintiff became a network engineer and retained that title until her termination. In March 1992, plaintiff was transferred into a new business unit that performed network access engineering, known as the Technical Marketing Access Networking (TMAN) group.

In March 1994, defendant implemented a "reduction-in-force" in plaintiff's department through its Force Management Program.[1] On March 31, 1994, defendant notified plaintiff she would lose her job on June 1 unless she found another position within the company or another employee left. Plaintiff did not seek or find another position within the company and was terminated on June 1, 1994.

According to plaintiff, she visited the Equal Employment Opportunity Commission ("EEOC") on April 14, 1994, and met with Michael Davidson, an investigator, about her impending termination and her allegations of discrimination.[2] Davidson advised her to attempt to resolve her claims through defendant's internal claims procedure, which she agreed to do. Davidson then contacted Carmen Johnson of defendant's EEO/AA office, who initiated an internal investigation. It is undisputed that plaintiff did not file a written complaint with the EEOC on this date. However, plaintiff testified in her deposition and at the evidentiary hearing that she left the office believing that she had filed a

---

1. In this program, implemented by defendant purportedly to reduce overhead expenses, employees within a division are grouped according to geography, job title or salary. Based on a set of pre-established criteria, employees within each group were placed into one of three categories: "retained," "eligible" and "at-risk." "Retained" employees keep their positions. "Eligible" employees were given the option of accepting voluntary severance packages. "At-risk" employees were told they will lose their job unless they find another position within the company or an "eligible" employee leaves. Plaintiff was placed "at-risk."

2. Davidson testified at the evidentiary hearing that he remembers meeting with plaintiff at some point, but doesn't remember exactly when this meeting occurred.

charge through her conversation with David-son. Plaintiff further testified in her deposition and at the evidentiary hearing that she came away from this meeting with the "understanding" that her written charge would be "back-dated" to April 14, 1994. Plaintiff further testified that a few days after this meeting, she spoke to Davidson on the phone, and that he explained during that conversation that her charge needed to be filed within 300 days of the alleged discrimination.

Davidson, as noted above, testified that he does not remember the substance of his meeting with plaintiff. However, he testified by affidavit and again at the evidentiary hearing that he had never told a potential charging party that a charge could be back-dated and that this practice would violate EEOC policy.[3] He further testified that at that time he had handled all charges against AT & T and is familiar with their internal complaint resolution process. Davidson testified that it is his practice to explain to employees that they can either use AT & T's internal process, file a charge with the EEOC or do both concurrently, and that he would not tell a potential charging party that he or she could not file a charge. Finally, Davidson testified at the hearing that he "commonly" discusses the 300–day statute of limitations period with potentially charging parties, but does not always do so.

Defendant's EEO/AA office informed plaintiff on June 21, 1994, that it had completed its investigation with a finding of "no cause." Plaintiff claims she called Davidson that afternoon that he told her not to worry and that the investigation of her claim would continue.[4] Plaintiff claims that she tried to contact Davidson by phone several times after this, but was unable to reach him. Plaintiff did not return to the EEOC office in person, however, until March 21, 1995, and was told that there was no record of her charge.[5] She then filed a written charge

with an unidentified EEOC employee. This charge was forwarded to Davidson, who dismissed it as time-barred and issued plaintiff a "right-to-sue" letter.

### STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Cox v. Acme Health Services, Inc.*, 55 F.3d 1304, 1308 (7th Cir.1995). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Hedberg v. Indiana Bell Tel. Co., Inc.*, 47 F.3d 928, 931 (7th Cir.1995). Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). This requires more than merely showing "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### DISCUSSION

In its motion for summary judgment, defendant argues that plaintiff's complaint is time-barred and should therefore be dismissed because: (1) she failed to file suit within 90 days of receiving her "right-to-sue" letter from the EEOC, and (2) she failed to file a written charge with the EEOC within

---

3. Davidson has been an investigator with the EEOC since June 13, 1988.

4. Again, Davidson testified at the hearing that he remembers speaking to plaintiff on the telephone at some point, but does not remember the substance of the conversation.

5. Plaintiff testified that she went to the office in person after receiving a letter from Congressman Gutierrez, (whose assistance she was apparently seeking in the matter) informing her that she did not have a case pending with the EEOC.

300 days of the alleged discrimination in this case. Defendant also maintains that even if plaintiff's complaint was not time-barred, it is still entitled to summary judgment on the merits. Because this court finds that plaintiff did not file a written charge with the EEOC within the 300–day statutory period and that her complaint is therefore time-barred, it does not reach the merits of plaintiff's claim.

## I. *The 90–day limitation period*

Under 42 U.S.C. § 2000e–5(f)(1), a plaintiff must file suit within 90 days of receiving a "right-to-sue" letter from the EEOC. Plaintiff filed her original complaint on January 31, 1997. Plaintiff initially testified in her deposition that she received her "right-to-sue" letter on October 31 or November 1, 1996. At the beginning of the second day of her deposition, she amended her answer and testified that she received the letter November 4, 1996. This brought her within the 90–day statutory period. Plaintiff testified in her deposition and at the evidentiary hearing that she was not home on the original date of delivery, October 31, and that the Post Office left a notice that they had attempted delivery. The next day, Saturday, November 1, plaintiff testified she spoke with her mail carrier who stated he did not have the letter with him and agreed to deliver it on Monday, November 4, 1996.

■ Defendant argues that plaintiff cannot raise a genuine issue of fact by "adjusting" her deposition testimony. However, plaintiff correctly asserts that litigants are free to amend their deposition testimony at any point prior to the end of that deposition. Indeed, under Rule 30(e) of Federal Rules of Civil Procedure, a litigant may even change his or her deposition testimony after its completion, when reviewing the transcript for signature. The language of the rule places no limitation on the type of changes that can be made. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2nd Cir.1997). Fur-

ther, as plaintiff points out, one of defendant's attorneys told plaintiff at the beginning of her deposition: "If you give me an answer and you realize later that it was incomplete or incorrect or you want to change it later, the deposition is open until the last word."

Plaintiff had a right to amend her deposition testimony and offered a reasonable explanation as to the reason for the change. Accordingly, this court finds that her complaint was filed within the 90–day limitations period and is not time-barred on this ground.

## II. *The 300–day limitation period*

Under 42 U.S.C. § 2000e–5(e), a plaintiff has 300 days from the date of alleged discrimination to file a written charge with the EEOC. This filing period is strictly applied. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). The statutory language of Title VII specifically provides that a plaintiff must file a *written* charge with the EEOC: "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b).

Plaintiff does not contest defendant's assertion that the statute of limitations period for any claims related to plaintiff's termination began to run on March 31, 1994, the date defendant notified her that she had been placed "at-risk." It is also undisputed that plaintiff did not file a written charge with the EEOC until March 21, 1995, 355 days after plaintiff received her "at-risk" notification. Plaintiff instead argues that she did not file a written charge because Davidson "lulled" her into inaction and therefore the 300–day filing period was equitably tolled.[6]

■ Equitable tolling principles can apply if the EEOC "lulls" or "affirmatively induces" the plaintiff into inaction. *Schroeder v.. Copley Newspaper*, 879 F.2d 266, 271 (7th Cir.1989). Therefore, even if this court accepts that plaintiff believed she had filed a

6. In her Response to Defendant's Motion for Summary Judgment, plaintiff argued that she had filed a "verbal" charge with the EEOC. However, at the evidentiary hearing and in her Response to Defendant's Supplemental Memo-

randum of Law Regarding EEOC Regulations, plaintiff clarified that her argument centers on equitable tolling principles, rather than an assertion that a "verbal [oral] filing" is acceptable.

charge on April 14, 1994, the proper inquiry is whether Davidson "lulled" her into this belief during and subsequent to that meeting. In *Schroeder,* the plaintiff was told by an "intake person" at the EEOC that there "wasn't much [that] she could do for [him]," and left without filing a written charge. *Id.* at 268. The court held that the statement by the EEOC employee did not constitute "lulling" or an "affirmative inducement." *Id.*

In cases where equitable tolling principles have been applied, courts have relied on explicit oral or written statements in holding that plaintiffs were lulled into inaction. In *Early v. Bankers Life and Casualty Co.,* 959 F.2d 75, 81 (7th Cir.1992), the court held that the "erroneous representations" of an EEOC employee tolled the 300-day limit. In *Early,* an EEOC investigator told the plaintiff that having filled out the intake questionnaire, the plaintiff had done everything he had to do at the administrative level and had two years to file suit. *Id.* at 80. Similarly, in *Harris v. Cook County Hospital,* 971 F.Supp. 329, 331 (N.D.Ill.1997), an EEOC counselor told the plaintiff that she "needed to wait until the administrative procedures concluded before filing with the EEOC." In holding that equitable tolling applied, the court stressed that the plaintiff was "entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters." *Id.*

 Unfortunately for plaintiff, the explicit misrepresentations relied on in the above cases are absent in the instant case. Plaintiff does not claim that Davidson told her that she should not or could not file a written charge on April 14, 1994. Nor does plaintiff claim that Davidson told her that she had to wait for defendant to complete its investigation before she could file a complaint with the EEOC. Rather, plaintiff offers vague and contradictory testimony that, on the one hand, she believed she had filed a complaint on April 14, 1997, and, on the other hand, that Davidson told her that a subsequent charge would be "back-dated" to April 14, 1997. the court finds credible Davidson's testimony that he has never told a potential claimant that a claim could be back-dated.

Further, plaintiff admitted in her deposition and during the evidentiary hearing that Davidson explained the 300-day limitation period during a telephone conversation a few days after their meeting on April 14, 1994. And when filing her written charge on March 21, 1995, it is uncontested that plaintiff did not ask the EEOC to "back-date" her charge, nor did she subsequently contact Davidson to ask why her charge had not been "back-dated" to April 14, 1994.

Even if plaintiff mistakenly believed that she had filed a charge on April 14, 1994, the court finds that plaintiff was not "lulled" into this belief by Davidson, and further finds that Davidson's alleged behavior does not rise to the level of "affirmative inducement" contemplated by the Seventh Circuit. Because equitable tolling does not apply, this court finds that plaintiff's complaint is time-barred.

### *CONCLUSION*

For the reasons set forth above, defendant's motion for summary judgment is granted.